Pasewalk v. Bollman.

H. A. PASEWALK ET AL. V. REUBEN BOLLMAN.

[FILED MAY 6, 1890.]

1. Executions: WRONGFUL LEVY: INDEMNITY BOND: SURETIES: NOTICE. A judgment creditor placed several executions in the hands of the sheriff and caused them to be levied upon property claimed by a third party. The plaintiff in execution gave the officer a bond to indemnify him against suits, actions, judgments, and executions to which he should be a party. Afterwards judgment was recovered against the sheriff for the conversion of the property so levied upon. The principal in the bond appeared and defended the suit for the officer. *Held*, In an action against the sureties on the bond of indemnity, that the judgment

29  519
43  828

29  519
47  195
47  913

29  519
50  200

29  519
d60  473

against the officer is conclusive against the sureties, although they had no notice of the pendency of the action in which the judgment was rendered. The sureties could contest the judgment only for fraud and collusion.

2. Judgment: SATISFACTION: COUNTY WARRANTS and promissory notes accepted by the plaintiff in satisfaction of a judgment are a good payment.

3. Practice. Where there is no conflict in the evidence upon a material issue of fact in a case, the failure to submit such issue to the jury is not error.

ERROR to the district court for Madison county. Tried below before NORRIS, J.

*H. C. Brome,* and *A. C. Brown,* for plaintiffs in error, contending that the judgment in the federal court was not conclusive, cited: *Stewart v. Thomas,* 45 Mo., 42; *Bridgeport F. & M. Ins. Co. v. Wilson,* 34 N. Y., 274; *Aberdeen v. Blackmar,* 6 Hill [N. Y.], 324; *Murray v. Lovejoy,* 2 Cliff. [U. S.], 191; *Lovejoy v. Murray,* 3 Wall. [U. S.], 1; *Miller v. Rhoades,* 20 O. St, 494; *Taylor v. Barnes,* 69 N. Y., 430; *State v. Colerick,* 3 O., 487; *Emerson v. Hutcheson,* 2 Bibb [Ky.], 455.

*D. A. Holmes, contra,* cited, in support of the conclusiveness of the judgment: *Annett v. Terry,* 35 N. Y., 256; *Stephens v. Shafer,* 48 Wis., 54 [33 Am. Rep., 793]; *Fay v. Ames,* 44 Barb. [N. Y.], 327; Freeman, Judgments, sec. 180; Brandt, Guaranty and Suretyship, secs. 184, 431, 524, 532, 534; *Connor v. Reeves,* 103 N. Y., 527; *Scofield v. Churchill,* 72 Id., 565; *Casoni v. Jerome,* 58 Id., 315; *Gerould v. Wilson,* 81 Id., 573; *Davis v. Smith,* 79 Me., 351.

NORVAL, J.

This is an action by Bollman, a sheriff, upon an indemnifying bond given to W. L. Rothwell, his deputy, by the Norwegian Plow Company, a judgment creditor, conditioned for the officer's indemnification in case he would levy

certain executions held by him in favor of the said company and one J. H. Thomas, and against Fred Fisher, upon certain property claimed by Deere, Wells & Co. The condition in the bond reads: "If the above bounden Norwegian Plow Company shall well and truly save harmless and indemnify the said W. L. Rothwell, and any and all persons aiding and assisting him in the premises, from all harm, trouble, damage, costs, suits, actions, judgments, and executions that shall or may at any time arise, come, or be brought against him, them, or any of them, then this obligation to be void, otherwise to be and remain in full force and effect."

The petition alleges the execution and delivery of the bond, the levying of the executions, and the sale of the property, and that the proceeds thereof were paid to the Norwegian Plow Company. The petition further alleges that afterwards the said Deere, Wells & Co. brought an action against the plaintiff for the conversion of said property so levied upon, in the circuit court of the United States for this district, and on the 16th day of June, 1886, a judgment was rendered in said suit in said court against the plaintiff herein for $3,000 damages, and $198.65 costs of suit, and plaintiff was compelled to and did pay the said judgment and costs, and $218 accrued costs and expenses. The petition further avers that the Norwegian Plow Company was notified of the pendency of said action in the federal court, and that the defendants have failed to pay the plaintiff said amounts, or any part thereof.

The defendants, answering, admit that the executions were issued and levied upon certain personal property, but deny that they were issued at the request of the Norwegian Plow Company, or that the property levied upon was at any time claimed by Deere, Wells & Co. The defendants also admit that after the levy of the executions, but before the sale of the property taken thereunder, they signed an instrument in terms like the one set out in the petition, but

aver that at the time they signed such instrument they and each of them did so with the express understanding and upon condition that it should be executed and signed by the Norwegian Plow Company, and that they never authorized or consented to the delivery thereof except upon the above condition. The defendants further deny that the Norwegian Plow Company, in consideration of and upon the promise of plaintiff to sell said goods, executed and delivered to the deputy sheriff for the plaintiff the obligation declared on, but aver that it was never executed by said Norwegian Plow Company, nor was said obligation ever delivered to said deputy, or any other person, by said company. After denying the fourth, fifth, and sixth paragraphs of the petition, the answer admits that Deere, Wells & Co. brought suit against the plaintiff in the United States circuit court and recovered judgment therein for the amounts stated in the petition, but deny that said action was brought to recover for the conversion of the goods levied upon under said executions. The answer alleges that the judgment rendered in the circuit court was for the conversion of goods by plaintiff and his agents other than the goods taken by Rothwell under said executions.

The reply denies all new matter contained in the answer. The cause was tried to a jury, and verdict for the plaintiff rendered for $3,797.87.

The first error assigned is that the evidence does not show that the bond upon which the action was brought was delivered to the officer in its present condition with the consent of the defendants. The defendants admitted, when upon the witness stand, that they executed the bond at the request of E. B. Mower, the traveling salesman of the Norwegian Plow Company, and delivered it to him, but claimed that the agreement was that it was also to be signed by the company before it should be delivered to the obligee. The testimony of the witness Dixon tends to corroborate the defendants.

E. B. Mower, called by the plaintiff, testified that he procured the signatures of the defendants to the bond; that he told them he wanted to use it that day in the Fisher case; that he was going back to Creighton that day for that purpose, and expressly denies that he told the defendants that the bond would be signed by the Norwegian Plow Company. It further appears that the defendant Pasewalk signed his name on the first line left for signatures, and no place was left on the bond for the signature of the company.

R. E. Allen, called by the plaintiff, testifies that he was present when the defendant McClary signed the bond; that he does not remember of Dixon being present at the time; that there was nothing said in witness's presence about any one else signing the bond, and that it was delivered to Mower in his presence.

Upon the question of the execution and delivery of the bond the court on its own motion instructed the jury as follows:

"2. You are instructed that in this case the burden of proof is upon the plaintiff, and before he can recover he must prove all the material allegations of his petition by a fair preponderance of the evidence. One of the material allegations of the plaintiff's petition, and the only question of fact for you to determine, is that defendants, at the time said bond was delivered to the agent of the Norwegian Plow Company, consented that it should be delivered to plaintiff without said Norwegian Plow Company having signed the same. It devolves upon plaintiff to prove that such consent was given, either expressly or by implication, and if you believe from the evidence that defendants signed said bond without any understanding that it should be signed by the principal, and delivered the same to principal's agent, and were careless and indifferent as to whether the principal signed said bond or not before it was delivered to plaintiff, then defendants' consent would be pre-

sumed that said bond might be delivered to plaintiff without the principal's signature thereto.

"3. In this case if you believe from the evidence that the defendant did not consent that said bond should be delivered to plaintiff by the agent of the Norwegian Plow Company until said company had signed the same, or if, from the evidence, you believe that the agent of the Norwegian Plow Company agreed with defendants, at the time they signed the bond, that he would sign the name of the Norwegian Plow Company upon the bond in case he used it, then in either case defendants are not liable upon said bond, and your verdict must be for the defendants."

These instructions fairly submitted to the jury the issue presented by the pleadings and evidence, whether or not it was the understanding that the bond should be signed by the Norwegian Plow Company before it should be delivered to the officer. No place was left upon the bond for the signature of the principal, nor is it claimed that the obligee had any knowledge that it was to be signed by any one else. The testimony on the part of the plaintiff was given by witnesses who appear to be entirely disinterested, and, if true, fully sustains the conclusions reached by the jury. It was the province of the jury to pass upon the credibility of the witnesses and determine the weight to be given to the testimony of each. By the verdict the jury have said that the plaintiff's witnesses were truthful. The evidence will not justify us reaching a different conclusion.

It is undisputed that in the suit brought by Deere, Wells & Co. against the plaintiff in this action, in the United States circuit court, the principal mentioned on the face of the bond, the Norwegian Plow Company, appeared in said case for the defendant therein and defended the action for him. The petition in the circuit court alleges, and that court found, that the property converted was seized by the sheriff upon five executions in favor of the Norwegian Plow Company and against Fred Fisher.

W. L. Rothwell testified that he was the deputy sheriff, and, producing five executions, stated that they were in his hands when the indemnity bond was delivered to him, and that he had no other executions against Fred Fisher. While the executions were not introduced in evidence, yet sufficient appears to show that the suit in the circuit court was brought for the conversion of the same goods that were levied upon by virtue of the executions described in the bond of indemnity.

We therefore come to the principal point in the case, which is, What is the extent of the defendant's liability? To state it differently, Is the judgment rendered against the plaintiff in the circuit court conclusive upon the defendants? It cannot be doubted that the Norwegian Plow Company, having appeared in that action and defendant for the sheriff, the judgment is conclusive as to it. (*Miller v. Rhoades*, 20 O. St., 494; *Davis v. Smith*, 10 Atl., 55.) The sureties contend that as they had no notice of the pendency of that suit, the judgment therein rendered is only *prima facie* evidence of the plaintiff's right to recover against them and of the amount of such recovery. The plaintiff urges that as the judgment is conclusive upon the principal in the bond, it is likewise conclusive as to the sureties. There is considerable conflict in the authorities as to the effect a judgment rendered against the principal of a bond has upon the sureties who were not made parties to the suit and had no notice of its pendency. The following cases sustain the position of the defendants that such a judgment is *prima facie* evidence in a suit against the surety: *State v. Colerick*, 3 O., 487; *Taylor v. Barnes*, 69 N. Y., 430; *Stewart v. Thomas*, 45 Mo., 42; *Bridgeport F. & M. Ins. Co. v. Wilson et al.*, 34 N. Y., 274. An examination of these cases will disclose that none of them were founded upon bonds conditioned for the payment of judgments. In this they differ from the one at bar. It will be observed that the bond on which this

action is based indemnifies the obligee "from all harm, trouble, damages, costs, suits, actions, judgments, and executions that shall or may arise, come, or be brought against him." The sureties undertook to save the officer harmless from any *judgment* that might be recovered against him by reason of the levying of the executions. It was no part of the agreement that the sureties should be notified of the pendency of the action. If the sureties desired notice of the proceedings to obtain the judgment, they should have stipulated for it in the bond of indemnity; not having done so, the failure to receive such notice does not affect their liability. They agreed absolutely to be bound by any judgment rendered against the officer. In the case of most official bonds the sureties do not promise to pay any judgment rendered against the principal, hence a judgment against the official on such a bond is not conclusive upon the sureties where the latter had no notice of the suit. There are numerous decisions, however, to the effect that a judgment obtained in a suit on an official bond against the principal is conclusive against the sureties though not notified of the suit. (*Masser v. Strickland*, 17 Serg. & R., 354; *Evans v. Com.*, 8 Watts, 398; *Snapp v. Com.*, 2 Pa. St., 49; *Garber v. Com.*, 7 Id., 266; *Lloyd v. Barr*, 11 Id., 52; *Tracy v. Goodwin*, 5 Allen, 411.) It has likewise been frequently held that a judgment against an administrator, in the absence of fraud, is conclusive against his sureties. (*Heard v. Lodge*, 20 Pick., 53; *Irwin v. Backus*, 25 Cal., 223; *State v. Holt*, 27 Mo., 340; *Salyer v. State*, 5 Port. [Ind.], 204; *Ralston v. Wood*, 15 Ill., 159; *Stovall v. Banks*, 10 Wall., 588; *Willey v. Paulk*, 6 Conn., 76.)

The precise question involved in the case at bar was recently passed upon by the supreme court of New York, in *Connor v. Reeves*, reported in 9 N. E. Rep., 439. That was a suit against the sureties upon an indemnifying bond given to a sheriff conditioned to save the officer harmless

Pasewalk v. Bollman.

against all "suits, actions, and judgments that may at any time arise, come, accrue, or happen to be brought against him for, or by reason of, the levying, attaching and making sale under and by virtue of an execution issued·to him as sheriff." Prior to that suit judgment had been rendered against the sheriff for conversion in making a levy under an execu- tion. The sureties on the indemnifying bond had no notice of the pendency of the suit in which the judgment was ob- tained. The court, in the opinion in *Connor v. Reeves*, says: "The covenantor in an action on a covenant of general in- demnity against judgments is concluded, by the judgment received against the covenantee from questioning the exist- ence or extent of the covenantee's liability in the action in which it was rendered. The recovery of a judgment is an event against which he covenanted, and it would contra- vene the manifest intention and purpose of the indemnity to make the.right of the covenantee to maintain an action on the covenant to depend upon the result of the retrial of an issue, which, as against the covenantee, had been con- clusively determined in the former action."

The decision in *Connor v. Reeves* is sustained by the fol- lowing cases: *Fay v. Ames*, 44 Barb., 327; *Tracy v. Good- win*, 5 Allen, 409; *Train v. Gold*, 5 Pick., 380; *Lincoln v. Blanchard*, 17 Vt., 464; *Heard v. Lodge*, 20 Pick., 53; *State v. Holt*, 27 Mo., 340; *Ralston v. Wood*, 15 Ill., 159; *Stovall v. Banks*, 10 Wall., 588.

The conclusion we have reached is that in an action against the sureties on a bond given to a sheriff to indem- nify him against judgments to which he shall be a party, the judgment recovered against the officer is conclusive against the sureties, although they had no notice of the pen- dency of the action in which the judgment was obtained, when it is shown that their principal defended the suit for the officer. The sureties could contest the judgment on the ground of fraud and collusion. It follows that the ev- idence offered in this case by the defendants for the purpose

of contradicting the judgment rendered against the plaintiff in the federal court was properly executed.

It is claimed that it was not necessary to allege and prove in the action in the federal court that the sheriff levied upon the goods for which that suit was brought, and that the plaintiff therein was entitled to recover regardless of the fact of a levy, if the goods were his and the sheriff had taken them. That action was against the sheriff and his sureties upon his official bond, and it was necessary to the recovery therein that the pleadings and evidence in that case show that the goods were taken by the sheriff by virtue of his office.

For the purpose of proving payment of the judgment recovered in the federal court the plaintiff offered in evidence a paper purporting to be an execution issued out of said court in said cause, and the indorsements thereon. No certificate of the clerk of the federal court was attached to the paper. The defendants objected to its admission as evidence because "it was not authenticated as required by law, incompetent, irrelevant, and immaterial." The paper purporting to be an execution was in the usual form and accurately stated the date, amount, and names of the parties mentioned in the judgment already introduced in evidence. Indorsed on the execution was the following:

"NIOBRARA, NEB., Sept. 16, 1886.

"Received on the within execution:

| | | |
|---|---:|---:|
| County warrants, as cash | $838 | 00 |
| Approved promissory note | 2000 | 00 |
| | $2838 | 00 |
| Cash | 478 | 20 |
| | $3316 | 20 |

"O. W. RICE,
"*Attorney for Deere, Wells & Co.*"

For the purpose of laying the foundation for its introduction Solomon Draper was called, who testified, in sub-

stance, that he was an attorney at law residing at Niobrara, Nebraska, and was acquainted with O. W. Rice, who is an attorney residing at Creighton, and is acquainted with his signature; that the witness wrote the receipt and he saw Rice sign it; that Rice was acting for Deere, Wells & Co., the plaintiffs in that case; and that the execution was in the hands of the deputy United States marshal when the indorsement was made, and that the receipt was signed at the settling up of the matter. This evidence laid the foundation for its introduction for the purpose of proving payment. It is urged that it only showed that $478.20 had been collected by the United States marshal. That sum was the cash payment. The balance having been paid by county warrants and approved note, to the attorney of Deere, Wells & Co., who received the same as cash, will be treated as a payment in cash. (*Ralston v. Woods*, 15 Ill., 159; *Cox v. Reed*, 27 Id., 438; *Wilkinson v. Stewart*, 30 Id., 158.)

Complaint is made because the instructions took from the jury every question of fact presented by the pleadings except the question of the consent of the sureties to the delivery of the bond. As we view it, that was the only point upon which there was any conflict in the evidence. The plaintiff's testimony covered all the other issues of fact raised by the pleadings, and the defendants offered no testimony to the contrary. It was therefore only necessary to submit to the jury for determination the issue of fact upon which the testimony was conflicting.

All the other errors assigned upon the giving and refusing of instructions have been already met by what we have said upon the conclusiveness of the judgment of the federal court and will not be further considered.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.