ROBINSON AND ANOTHER v. BASKINS AND OTHERS.

Decided May 31, 1890.

*Indemnifying bond—Judgment against principal—Conclusiveness against indemnitor.*

In a suit by a constable upon a bond to indemnify him for the seizure of property under execution, a judgment against him for damages for such seizure, in a suit of which the indemnitors had no notice, is only *prima facie* evidence against them, and they may show that the constable had a good defense to the suit.

APPEAL from *Yell* Circuit Court, Dardanelle District. G. S. CUNNINGHAM, Judge.

*Walter D. Jacoway* for appellants.

1.   It is not denied that appellants were not parties to the Perry county suit, nor was proven that they had any notice of said suit.   No one ought to be condemned without being heard; no one is bound by a judgment to which he is not a party.   24 Wend., 56-7.

2.   Appellants had the same right to the means of defense which appellees had, and could not be bound without a full, fair and previous opportunity to meet the controversy in which the judgment was rendered.   Freeman on Judg. (3d ed.), secs. 181 *et seq.*; 3 Am. Dec., 615; 19 Ark., 449; 24 Wend., 56; 19 Wend., 447.   A judgment is not binding upon one not a party, and such party may question the proceedings leading to the judgment collaterally.  1 Cent. Rep., 682.   The interpleader was barred of any action against the officer, when an indemnifying bond had been taken.   Mansf. Dig., sec. 3024.

A judgment is evidence of nothing in a subsequent action between different parties, except that it has been rendered. 35 Ark., 450.   Judgments bind parties and privies, but not strangers.   95 U. S., 347; 9 Cranch, 19; 4 Pet., 466; 12 How., 472; 5 Wall., 433; 9 Wall., 812; 19 Wall., 563.

In order that a judgment may be set up as a bar, it must have been upon the *same subject-matter*, between the *same* parties for the same *purpose*.   24 How., 333; 4 How., 467; 104 U. S., 261; 103 U. S., 498; 3 Cent. Rep., 845.

*Davis & Bullock* for appellees.

The constable could not have declined to execute the writ after the presentation of the bond of indemnity, without becoming liable for the amount of the judgment.   Mansf. Dig., sec. 3061.   Robinson & Neely had control of the writ, and it was the duty of the constable to follow their directions, not savoring of fraud, undue rigor or oppression.   Freeman on Ex., sec. 108; 7 Ill., 670; 59 Ill., 58; and the constable would be liable for disobedience. Freeman on Ex., sec. 138.

Thus the relation of principal and agent was established, and notice to the constable was notice to appellants. The appellants' bond was a ratification of the act of the constable. If his act was a trespass, they adopted it and are responsible. Freeman on Ex., sec. 273.

Deshazer had a right to elect whom of the co-trespassers he would sue, and his action in the Perry circuit court was well taken. Freeman on Ex., sec. 274. Appellants are bound by the judgment. 15 Gray, 339; 139 Mass., 139; Freeman on Ex., sec. 276; Freeman on Judg., secs. 374-5.

HUGHES, J. Appellees sued appellants upon a bond of indemnity, given by them to W. L. Baskins, as special constable, under section 3021 of Mansfield's Digest, to indemnify them against the damages they might sustain in consequence of the seizure or sale of the property of the judgment debtor of appellants, who was one J. B. McGhee, against whom they had obtained judgment before a justice of the peace of Perry county, Arkansas, and upon which execution had been issued and placed in the hands of said special constable. The constable sold the property at public sale, and, at the sale, one Deshazer claimed the property and forbade the sale. Deshazer brought suit in trespass against the constable and the other appellees, purchasers of the property at the sale, and recovered fifty dollars and costs as damages.

In this suit against the appellants (the indemnitors), they offered to prove by witnesses that J. B. McGhee, against whom appellants had obtained judgment, was the sole owner of the property sold by the constable, and that Deshazer never owned or had any interest in it, and that McGhee was not indebted to Deshazer. And they also offered to prove that, at the time of the judgment against McGhee, he was absent from Perry county where he resided, and that upon his return Deshazer admitted that his claim to the property was groundless, and offered to repay McGhee every cent he had

received for the same. This testimony was excluded upon
the ground that appellants were concluded by the judgment
against appellees in favor of Deshazer, which appellees had
been permitted to read in evidence over the objection of ap-
pellees. There was judgment for appellees, and an appeal to
this court.

Were appellants estopped and concluded by the judgment
against appellees in favor of Deshazer? They were not par-
ties to the suit in which the judgment was rendered, and there
is no evidence that they had notice to it. As a rule a judg-
ment binds only parties and privies. Freeman on Judgments,
secs. 154-161; "*Res inter alios acta alteri nocere non debet.*"
Broom's Legal Maxims, p. 735. Mr. Freeman in his work
on Judgments (sec. 184) says: "Covenants to indemnify
against the consequences of a suit are of two classes. 1.
Where the covenantor expressly makes his liability depend on
the event of a litigation to which he is not a party, and stip-
ulates to abide the result; and 2. Where the covenant is one
of general indemnity, merely, against claims or suits. In
cases of the first class, the judgment is conclusive evidence
against the indemnitor, although he was not a party, and had
no notice; for its recovery is the event against which he cov-
·enanted. In those of the second class, the judgment is *prima
facie* evidence only against the indemnitor, and he may be
let in to show that the principal had a good defense to the
claim." The indemnitor can in either class show collusion
for the purpose of charging him. See also the cases cited
in notes 2 and 3 to sec. 184, and sec. 181, Freeman on
Judgments. See also Res Adjudicata and Stare Decisis, by
Wells, sec. 196; *Ins. Co. v. Wilson*, 34 N. Y., 280, and
cases cited; *Boyd v. Whitfield*, 19 Ark., 447; *Smith v.
Corege, ante,* p. 295.

The appellants, having had no notice of the suit by De-
shazer against appellees, are not concluded by the judgment
in said suit, and should have been let in to make their defense.

Indemnifying bond— Conclusiveness against indemnitor of judgment against principal.

The judgment was only *prima facie* evidence and not conclusive against them.

Reversed and the cause remanded.