CLARK v. CLUNE.

1. JUDGMENT — FOREIGN JUDGMENT AS EVIDENCE — INDEMNITY —
    GUARANTY.
    In an action upon a guaranty that the purchaser of plaintiff's
    interest in a partnership would pay all obligations due from
    the firm, evidence of a judgment obtained in a foreign State
    against the plaintiff upon a demand against the former part-
    nership was *prima facie* proof of the amount of plaintiff's
    damages.

2. SAME—NOTICE.
    No notice to the guarantor or indemnitor of pendency of that
    action was necessary in order to render the judgment admis-
    sible.

3. SAME—TRIAL—CONDUCT OF COUNSEL.
    Defendant's attorney committed prejudicial error in comment-
    ing, during his argument, upon the pleadings and findings in
    the court of the foreign State where judgment was obtained,
    as the judgment concluded the parties as to all matters nec-
    essarily considered in arriving at the determination.

4. FRAUD—INDEMNITY, CONTRACT OF.
    Where neither plaintiff nor the purchaser of his interest in the
    business made, in plaintiff's presence, any false statements re-
    lating to the amount of debts covered by the guaranty, de-
    fendant could not escape liability for breach of the guaranty
    on the theory that he was misled as to the amount of debts.

Error to Cheboygan; Shepherd, J. Submitted April
12, 1912. (Docket No. 74.) Decided October 7, 1912.

Assumpsit by Orange M. Clark against John H. Clune
for breach of a contract of guaranty. Judgment for de-
fendant. Plaintiff brings error. Reversed.

*David H. Crowley* (*George W. Weadock*, of counsel),
for appellant.

*Henry Hoffman*, for appellee.

McALVAY, J. Plaintiff brought this suit against de-

fendant to recover upon a certain guaranty given to him by defendant in writing, as follows:

"For a valuable consideration to me paid, I do hereby guaranty the payment by said Charles M. Robinson of all of the notes, accounts, dues and demands against said copartnership of Orange M. Clark and Charles M. Robinson, now existing.

"Dated, Cheboygan, Michigan, this 8th day of December, 1904."

This guaranty was on the back of a written dissolution of a partnership known as the Robinson Towing Company, between the plaintiff and Robinson, whereby plaintiff, in consideration of $3,000, sold Robinson his undivided one-half interest in such copartnership, and in which Robinson agreed to settle all claims and accounts against the copartnership, and the writing sued upon was given to secure the fulfillment of such agreement on the part of Robinson. Plaintiff had theretofore sold a valuable saw-mill property at Cheboygan to Embury & Martin for $78,192.40, part of which was paid in cash and for the balance six promissory notes were given, included in which sale were certain white pine boom sticks and the chains by which they were attached together. This sale occurred February 13, 1904, and the partnership known as the Robinson Towing Company continued under the active management of Robinson until December 8, 1904. After such sale plaintiff moved to Portland, Or., and a balance on the last note became due, and, payment not having been made by the makers, he brought suit to recover the same in the circuit court for the county of Multnomah against Embury & Martin, and secured personal service upon Embury. Defendant Embury appeared and contested the case. He pleaded a counterclaim and set-off for the value of these boom sticks, claiming that they had been converted by the Robinson Towing Company, of which plaintiff was a member. The case in the Oregon court proceeded to trial upon issue joined, and a judgment was rendered, wherein, as appears upon the face thereof,

the plaintiff was allowed the amount of the balance on the note he claimed to be due with interest, and defendant was allowed as a counterclaim and set-off the amount of the value of the boom sticks, together with interest thereon, and a judgment was rendered against plaintiff and in favor of defendant for the difference, $686.22, and costs. This judgment, amounting to $874.87, was afterwards paid by plaintiff, Orange M. Clark, and he later instituted the instant suit, as above stated, upon the guaranty of defendant. It was tried before the court and a jury, and resulted in a verdict of no cause of action. The case is before this court on writ of error for review, brought by plaintiff.

The errors assigned and relied on are grouped by appellant as follows: (1) Those with reference to the charge of the court as to the necessity of notice to defendant of the pendency of the suit against plaintiff in the Oregon court; (2) relative to misconduct of counsel for defendant in his argument to the jury; (3) relative to the charge of the court on the question of fraud.

Upon the trial of the case there was offered by plaintiff and received in evidence, without objection, a certified copy of the record in the Oregon court in the suit referred to, including complaint, answer, finding, and judgment. The defendant in the instant case pleaded the general issue with notices of special defense. The notices relied upon were that defendant was induced to sign the contract of guaranty by fraud, misrepresentation, and concealment on the part of plaintiff; and that defendant never received any notice of the pendency of the Oregon case.

The portions of the charge upon which errors are assigned are as follows:

" It was necessary, in order for the plaintiff to establish his case, to prove that notice of some kind was given Mr. Clune of the commencement of that suit there."

Also:

"If that notice was given, you will go on and further investigate the matter—give it further consideration. If it was not given, you will stop right there and render a verdict of no cause of action."

Also:

"As I stated before, the burden of proof of showing fraud is upon the defendant; but the burden of proof of showing that notice was given to Mr. Clune is upon Mr. Clark."

The appellant contends that the court was in error in charging as above quoted, for the reason that the proof of the judgment against him in the Oregon court, which was received as evidence in the case, established, *prima facie*, the liability of defendant. We agree with this contention of appellant. The law is well settled in this State that, although the indemnitor is not notified of the former suit, a judgment against the indemnitee is *prima facie* evidence of the amount of the damages for which the indemnitor is liable. The court should have so charged the jury. *Grant* v. *Maslen*, 151 Mich. 466 (115 N. W. 472, 16 L. R. A. [N. S.] 910), and cases cited. This is all that the appellant claimed in the instant suit. The question of the conclusiveness of the judgment was not before the court. The trial court was in error in giving the portions of the charge excepted to.

During the course of the argument, the counsel for defendant was allowed by the court to make certain statements relative to the proceedings in the Oregon case, discussing and criticising the plaintiff's pleadings therein and the findings of the court, as bearing on the questions of defendant's liability involved in the instant suit. It will be unnecessary to quote these portions of his argument, and it will be sufficient to say that the judgment in the Oregon court was conclusive as to all facts and matters which were necessarily taken into consideration by that court in arriving at such judgment. Consequently the argument of counsel excepted to was improper and highly prejudicial.

The third and last assignments of error which appellant discusses are relative to those portions in which the court charged the jury upon the question of claimed fraud by plaintiff in procuring the indemnity. The only testimony in the case claimed to bear on the question of fraud perpetrated upon defendant at the time the guaranty was given is the testimony of defendant, which, it is claimed, tends to show that plaintiff stated or acquiesced in a statement in detail as to all debts this guaranty was to cover, and the boom sticks were not mentioned. All that he testifies to upon this subject has been carefully examined and in it there is no testimony of any false statements made by plaintiff or his partner, in his presence at the time, in order to secure his signature, and defendant states positively that he read with care the guaranty he signed, knew its contents, and would not otherwise have signed it. He also testified that he knew Robinson had purchased the plaintiff's interest. He says they explained that to him and the guaranty was shown him and he was asked to sign it; that they explained to him it was for any debts; that Robinson told him "that Mr. Clark wanted a bond from him against the debts and obligations of the firm, said that in substance." He says he cannot give the words of what was said; that the substance was all contained in that paper. The undisputed evidence in the case shows that plaintiff at the time of the execution of the guaranty had no knowledge that the boom sticks had been taken by Robinson. There was no evidence in the case which would warrant the submission of the question of fraud to the jury.

The judgment of the circuit court is reversed, and a new trial ordered.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.