NATIONAL SURETY COMPANY, APPELLANT, v. THOMAS LOVE, APPELLEE.

FILED MARCH 25, 1921. No. 21086.

1. Judgment: CONCLUSIVENESS. General rule stated in former opinion, *ante*, p. 38, that a judgment against an indemnitee is not conclusive upon the indemnitor who had no notice of the action in which the judgment was rendered, adhered to. *Pasewalk v. Bollman*, 29 Neb. 519, distinguished.

2. ———: ———. Unless prior notice be given to an indemnitor of the suit against his indemnitee, a judgment rendered against the latter therein will not be conclusive, but only *prima facie*, evidence of the indemnitor's liability in a later action against him to recover upon his express contract of indemnity, and he may show that the indemnitee had a good defense which he neglected to set up.

3. ———: ———. Judgment was rendered against the surety upon an attachment bond in an action of which his principal had no notice, but in which the surety pleaded and in good faith sought to establish the defense that the liability had been settled and the principal released. In a later action by the surety upon the principal's express contract to indemnify him, the principal set up the identical defense interposed in the former action. *Held*, that, in the absence of any plea of fraud or collusion, the judgment is conclusive as to such defense.

4. Depositions: EXHIBITS: ADMISSIBILITY. Where objection was made before the notary to certain exhibits identified and offered as part of the deposition of a certain witness, but later another deposition of the same witness is taken to which the same exhibits are attached without objection, and at the trial the deposition of the witness is offered without specifying which one, and no objection is interposed, it will be presumed that the later deposition was intended and that the exhibits were not objected to.

5. Evidence: JUDICIAL RECORDS. If no objection is made when document's purporting to be judicial records of a sister state are offered in evidence at the trial, objection on the ground that they are not properly authenticated will be waived.

Opinion on motion for rehearing of case reported, *ante*, p. 38. *Reversed.*

DORSEY, C.

In *National Surety Co. v. Love, ante,* p. 38, the judgment of the court below dismissing the appellant's action was affirmed and the case is now before us on rehearing.

The circumstances out of which this case arose transpired in Oregon where the appellee formerly resided. He had loaned $1,000 to one Al Crystal and sued the latter to recover that sum in the circuit court for Klamath county, Oregon. Desiring to attach Crystal's property in that action, the appellee filed an attachment bond and procured the appellant to become his surety thereon. This bond provided that the appellee, Love, as plaintiff, and the appellant, as surety, "undertake to pay all costs that may be adjudged to the defendant (Crystal), and all damages which he may sustain by reason of such attachment, if the same be wrongfully or without sufficient cause," etc. Preliminary to the execution of this bond, the appellee signed a written application to the defendant asking it to become his surety, in which there was a clause whereby the appellee agreed to indemnify the appellant "and save it harmless from and against all claims, demands, costs, liabilities, charges and expenses  *  *  *  which it should at any time sustain or incur and as well from all  *  *  * judgments  *  *  *  against it by reason or in consequence of having executed said bond."

Crystal's property was attached, but before the case was tried the money for which he had sued Crystal was paid to the appellee and the action was dismissed. Thereafter the appellee removed from Oregon to Sioux county, Nebraska. After his departure, Crystal brought suit upon the attachment bond for alleged wrongful attachment, making the appellee and the appellant surety company defendants. The appellee, being then a nonresident of Oregon, was not served with process or otherwise notified of the suit, but the appellant was served and the case proceeded to judgment against it for $500. Having paid the judgment, the appellant brought this suit to recover therefor, and for incidental costs and expenses, in the district

court for Sioux county, Nebraska. The appellee defended on the ground that he had not been notified of the action in Oregon and had had no opportunity to defend there, and also that, by arrangement between his attorney in the attachment suit and Crystal's attorney, there had been a complete settlement and a release of all liability on his part to Crystal, which was evidenced by the order of dismissal entered by the Oregon court in that action.

The decisive point in the instant case is whether the judgment rendered against the appellant in the action for wrongful attachment in Oregon was conclusive upon the appellee under the terms of the indemnity agreement, above quoted from, or whether the appellee, not having been served with process or otherwise notified, might still urge the defense of settlement and discharge from liability. In affirming the judgment of the court below the rule was announced, in the former opinion of this court, that such judgment was not conclusive upon an indemnitor under those circumstances, and the correctness of that rule is vigorously challenged by the appellant on the ground that it is in conflict with the decision of this court in *Pasewalk v. Bollman,* 29 Neb. 519.

We are nevertheless of the opinion that the case referred to is not at variance with the general rule stated in the former opinion in the instant case, to the effect that a judgment against an indemnitee is not conclusive upon his indemnitor who has had no notice of the suit in which the judgment was rendered. In that case a sheriff was sued for conversion and judgment was recovered against him by the owner of personal property which the sheriff had wrongfully taken in execution upon a judgment against a third party. Previous to levying this execution, the sheriff obtained from the execution creditor a bond indemnifying him against the consequences of a wrongful levy. When the action for conversion was commenced, the sheriff notified the execution creditor, who had given him the indemnity bond, and the latter appeared and defended for the sheriff. After judgment went against

the sheriff, he brought suit on the indemnity bond to recover the amount he had been compelled to pay to satisfy the judgment. It appears, however, that the execution creditor, in whose behalf the indemnity bond had been given to the sheriff, had not signed it, but it was signed only by certain sureties; so, in bringing his action on the indemnity bond, the sheriff sued only the sureties. It was, in reality, therefore, an action by an indemnitee against sureties of an indemnitor, upon an obligation of indemnity which the principal had not signed, to recover for damage which had been adjudicated in an action of which the principal indemnitor had full notice and in which he appeared and defended for the indemnitee.

The question in *Pasewalk v. Bollman, supra,* was whether or not, under the circumstances just detailed, the judgment in the conversion action was conclusive upon the sureties, who had had no notice of the pendency of that action, but whose principal had been notified of it and had appeared and defended in it. The point actually decided by this court in that case was, in the language of the opinion (p. 527) : "The judgment recovered against the officer is conclusive against the sureties, although they had no notice of the pendency of the action in which the judgment was obtained, when it is shown that their principal defended the suit for the officer."

In the case at bar, however, the appellant was the surety on the attachment bond; the appellee was the principal obligor in that bond, and he had no notice of the action thereon for wrongful attachment and did not appear and defend therein. Here it is a question of the binding force upon a principal of a judgment against which the surety appeared and defended, while in *Pasewalk v. Bollman, supra,* the situation was the exact reverse.

The precise situation in the instant case, briefly stated, is that the appellant surety company, at the appellee's request, had contracted to indemnify Crystal against any damages that he might sustain by reason of the attachment if it turned out to be wrongful, and the appellee had

contracted to indemnify the appellant against any liability that it might be subjected to in consequence of having indemnified Crystal. The attachment bond executed by the appellant was not conditioned to indemnify Crystal against such damages as he might recover in an action against the appellee; if it had been so conditioned, the law might have required the appellee to be joined in the action on the bond for wrongful attachment, and that judgment be recovered against him in that action, or in an independent action, as a condition precedent to the appellant being held liable as surety on the bond. But the condition of the attachment bond in this case was not thus restricted; it was that Crystal should be indemnified against such damages as he might sustain, and therefore Crystal was privileged to bring suit on the bond against the appellant alone, as surety on the bond, and to recover judgment thereon for such damages as resulted from the attachment, if he could prove it was wrongful, without making the appellee, the principal in the bond, a party defendant. 6 C. J. 509, sec. 1211. Especially would this be true if, as was the case here, the appellee had removed from the jurisdiction of the Oregon courts.

In order to protect itself, the appellant required and took from the appellee an indemnity agreement in which the latter promised to save it harmless from liability incurred in executing the attachment bond. The question before us is whether it is the duty of the indemnitee, under such an agreement, to notify his indemnitor of any suit brought against the indemnitee that might result in a liability for which the indemnitor has agreed to be ultimately responsible. The following is stated as the general rule in 22 Cyc. 93: "Unless an express contract of indemnity provides otherwise, it is not necessary, in order to maintain an action against an indemnitor to recover for a liability which has been determined in a prior action against the indemnitee, that the indemnitor should have been notified of the suit against the indemnitee. But unless notice is given the first judgment is *prima facie* evi-

dence only of liability and the indemnitor may show that the indemnitee had a good defense which he neglected to set up."

The defense which the indemnitor, the appellee, seeks to set up in the instant case is that his attorney arranged with Crystal and that they agreed upon a settlement of the attachment suit, that Crystal paid over to the appellee's attorney the money for which that suit was brought, and that there was a dismissal of the action and a release and discharge of the appellee from all liability to Crystal growing out of the attachment suit. It was upon his answer setting forth those allegations and the proof in support thereof that the court below dismissed the appellant's action. While the appellee had no notice of Crystal's action in which he recovered judgment against the appellant for wrongful attachment, the appellant did set up in that action a defense identical with that interposed in the instant case. Stated in its narrowest form, therefore, the question is whether an indemnitor, without notice of the action in which judgment was rendered against his indemnitee, shall be permitted to set up, in a suit against him by the latter to be indemnified on account of said judgment, a defense which was interposed by the indemnitee in the action in which the judgment was rendered.

The rule that, where notice was not given the indemnitor, the judgment is *prima facie* evidence only in a subsequent action by the indemnitee against him seems to be supported by the weight of authority. *Ireland v. Linn County Bank,* 103 Kan. 618; *Clark v. Clune,* 172 Mich. 323; *Grant v. Maslen,* 151 Mich. 466, 16 L. R. A. n. s. 910; *Robinson v. Baskins,* 53 Ark. 330, 22 Am. St. Rep. 202; *Stewart v. Thomas, Adm'r,* 45 Mo. 42; *Browne v. French,* 3 Tex. Civ. App. 445; *Bridgeport Fire & Marine Ins. Co. v. Wilson,* 34 N. Y. 275; *Aberdeen v. Blackmar,* 6 Hill (N. Y.) 324.

In *Grant v. Maslen, supra,* it is said that the indemnitor "may set up any defense which, from the nature of the

action or the pleadings, he could have set up in the former action, had he been a party to it." In *Robinson v. Baskins, supra,* it was held that the indemnitor, who had not been notified of the suit, might introduce evidence to show that the person who obtained the judgment against the indemnitee had admitted that his claim, on which the judgment was based, was groundless. In *Stewart v. Thomas, Adm'r, supra,* it was said that, if the indemnitee had a good defense to the action in which the judgment was obtained and failed to avail himself of it, he could not recover against the indemnitor, and that the latter, not having had notice and an opportunity to defend in the original action, should be permitted, in the later action, to make any defense which could have been made to the original suit. But we have found no case in which it has been explicitly decided whether or not the indemnitor is entitled to urge a defense to the suit by the indemnitee against him which was raised by the indemnitee in the action in which the judgment was obtained.

The record in the instant case shows, not only that the defense of release and settlement was pleaded in the appellant's answer in Crystal's action for wrongful attachment, but that there was an attempt, at least, on the appellant's part to support it by proof. The order of dismissal entered by the Oregon court which the appellee claims constituted a settlement of Crystal's alleged damages in the attachment suit was offered in evidence, and also the testimony of the attorney who acted for the appellee in that suit as to what took place between Crystal's attorney and himself, to show that a settlement of all claims on both sides, and not a mere voluntary dismissal of the appellee's suit, was intended when Crystal's attorney paid over the money to him. This testimony, it appears, was rejected by the Oregon court, which allowed only the order of dismissal to go in, but nothing explanatory of it. There is nothing, however, upon which to base a finding that the attorneys for the appellant were in collusion with Crystal or his attorney to bring about a judgment in order

that it might afterwards be collected from the appellee, and indeed no such fraud or collusion is pleaded in the instant case. The record is so confused and lacking in orderly arrangement that, in reviewing it for the purpose of reaching our former conclusion in the instant case, we formed a wrong impression of the efforts made by the appellant to prove the defense in question in the Oregon court, but we are now convinced there was nothing to show bad faith. Is the appellee estopped from making that defense in the case at bar by the fact that it was made by the appellant in the original action for wrongful attachment in the Oregon court?

From the general tenor of the authorities bearing upon this question we are inclined to the view that the judgment, though rendered without notice to the indemnitor, was conclusive as to the facts necessarily taken into consideration by the Oregon court in arriving at the judgment, where it appears that the defense sought to be interposed by the indemnitor to show his nonliability upon the cause of action on which the judgment was based, had in good faith been presented by the indemnitee in the action wherein the judgment was rendered, and there is no plea of fraud or collusion. *Clark v. Clune, supra.* In our opinion, therefore, the defense of settlement is concluded by the Oregon judgment.

It is claimed by the appellee that the record of the judgment is inadmissible because not authenticated as provided for by section 7979, Rev. St. 1913, with reference to judicial records of a sister state. The record offered consists of copies of the pleadings and docket entries certified to by the clerk of the Oregon court, but without any certificate by the presiding judge. The deposition of the clerk was taken at Klamath Falls, Oregon, on two occasions, the first in November, 1916, and the last in February, 1917, and each deposition has an identical set of these exhibits attached. They were handed to the witness, identified by him, offered in evidence, marked by the notary, and attached by him. When the first deposition was taken, the appellee was represented by counsel who registered an ob-

jection to each exhibit when offered to the notary. When the second deposition was taken, the appellee was not represented and the exhibits went in before the notary without objection.

The bill of exceptions in the case at bar shows at the beginning of the trial the following: "The plaintiff also offers in evidence the deposition of George Chastain, taken in behalf of plaintiff. No objection. Same is admitted and read in evidence by Mr. Boucher." There is nothing to show which deposition was referred to or read. The appellee now contends that, since objections were made to the exhibits attached to the earlier deposition when they were offered before the notary, and the record does not affirmatively show that it was the later deposition that was offered in evidence at the trial, the court must presume that the objections made before the notary were applicable at the trial. We think, however, that in offering the deposition of the witness without designating which one, the exhibits attached to the later one being admitted without objection before the notary and the record of the trial showing "no objection," it will be presumed that the later exhibits were admitted at the trial without objection, and objection to the record on the ground of defective authentication will be held to have been waived. 38 Cyc. 1397.

For the reasons stated, we recommend that the former judgment of this court be vacated, and that the judgment of the court below be reversed and the cause remanded, with instructions to enter judgment in favor of appellant for the amount prayed for in its petition.

PER CURIAM. For the reasons stated in the foregoing opinion, the former judgment of this court is hereby vacated, the judgment of the court below is reversed, and it is ordered that the cause be remanded, with instructions to enter judgment in favor of the appellant for the amount prayed for in its petition, and this opinion is adopted by and made the opinion of the court.

REVERSED.

CAIN, C., dissents.