**UNITED STATES FIDELITY & GUARANTY CO. v. PAULK et al.  (No. 3628.)**

Court of Civil Appeals of Texas.  Texarkana.
Feb. 14, 1929.

Rehearing Denied Feb. 21, 1929.

Arnold & Arnold, of Texarkana, Ark., for appellant.

Elmer L. Lincoln, of Texarkana, Tex., for appellees.

LEVY, J. (after stating the facts as above). The assignments of error present, in effect, the point in view that the right of appellant to recover on the contract of indemnity and the liability of the appellees to pay was conclusively established upon the proof, which was undisputed, of the rendition of the judgment in evidence and the payment of it by the appellant, and that the court erred in holding otherwise. An inspection of the indemnity bond given by appellees clearly reveals that they covenanted as follows:

"At all times hereafter (to) save harmless and keep indemnified the United States Fidelity and Guaranty Company, its successors and assigns, against all suits, actions, * * * expenses, including court costs and counsel fees at law or in equity, * * * against all loss and damages whatever for or by reason of the suretyship of the said United States Fidelity and Guaranty Company as aforesaid, or any continuation or renewal thereof."

The obligation was, in effect, a general covenant on the part of the appellees to pay with money to appellant any loss or damage through claims or suits directly arising on its indemnity contract with the owner of the building. The covenant was one of general indemnity merely against loss on account of claims and suits. Appellees were to become liable over upon the contingency of such loss or damage, and its actual occurrence was the very event which they covenanted against. In view of the facts and the nature and scope of the contract of indemnity, the precise point for decision is that of how far and to what extent a judgment is evidence against persons liable over to the defendant therein, where the persons liable over have been given no notice of the former suit and no opportunity to defend. In this case the appellees were not parties to the former suit; and they pleaded and offered evidence in avoidance of the conclusiveness and effect of such former judgment against them of omission to give notice of the suit. The appellant determined, it appears, that the appellees, as indemnitors, should be notified of the pendency of the suit, and undertook to give such notice by letter through the United States mail. The case was tried upon that theory—that notice to the appellees was necessary under the contract of indemnity. The attempt of the appellant to give the notice wholly failed of accomplishment, according to the evidence offered by the appellees.

The evidence concerning that issue, considered as a whole, allows of inferences that the jury, in its province, should properly make and determine; and because thereof this court must accept their verdict, which was that appellees were not notified of the suit. In this view the appellees did not have notice of the former suit. The generally recognized rule, and about which there is no doubt, is that a final judgment of a competent tribunal is conclusive of all matters adjudicated as between the parties and their privies. This estoppel extends, of course, to every material allegation in the cause which was either expressly or by necessary implication in issue. In such case the judgment, upon proof of its rendition, becomes conclusive evidence against such parties. And the rule seems to be established that an indemnitor, although he does not appear in the suit, is not regarded as a stranger to the judgment, which, if obtained without fraud or collusion, is conclusive against him to the extent of the matters expressly determined by it, where such indemnitor expressly makes his liability to depend on litigation and stipulates that he will abide the result of the suit. 34 C. J. p. 1031; 14 R. C. L. p. 61; 2 Black on Judgments, 573; National Surety Co. v. Love, 105 Neb. 855, 182 N. W. 490, and other cases. He may set up and prove only defenses which were not directly determined in the first litigation. In case such issue arises, according to the nature of the pleadings and proof, then the transcript of the judgment and proceedings, with proof of payment of the amount recovered, does not become conclusive, but merely prima facie, proof of the indemnitor's responsibility over to the defendant in the judgment.

Again, according to the weight of authority, as a general rule, where the indemnitor has not been notified of the prior suit

and has not made his liability over depend expressly on the event of a litigation to which he was not a party and has not stipulated to abide the judgment of the suit, estoppel is not created by the judgment therein and such judgment does not become conclusive evidence of the ultimate liability over to the defendant therein. It is regarded as prima facie evidence of the fact of its rendition and the amount of damages. 2 Brand, Suretyship Guaranty (3d Ed.) § 802; 2 Black on Judgments (Ed. 1891) 573; 23 Cyc. p. 93; 31 C. J. p. 463; 34 C. J. p. 1032; 14 R. C. L. p. 61; Browne v. French, 3 Tex. Civ. App. 445, 22 S. W. 581; McCamant v. Roberts, 66 Tex. 260, 1 S. W. 260; Illies v. Fitzgerald, 11 Tex. 417; Laing v. Hanson (Tex. Civ. App.) 36 S. W. 116. The burden of proof is upon the indemnitee to again establish all of the actionable facts. The indemnitor may set up that no liability existed against the indemnitee. 31 C. J. p. 463; 34 C. J. p. 1032. In the case of Browne v. French, supra, the Supreme Court of this state approved and followed the above rule. That case is similar to the present case in the nature and effect of the obligation sued on. In that case the indemnitor had no notice of the former suit, and had obligated himself to save harmless, by way of indemnity, the indemnitee from all liabilities to pay the debts of a mercantile firm. In the present case the obligation was in the nature of a general covenant to pay any loss or damage on account of claims or suits. Quoting from the French Case, supra:

"The obligation created by the bond so executed to appellant, was that the obligors should pay the debts of French & Browne and hold the appellant harmless. It was not that they should be bound by any particular judgment, but simply a general promise to pay the debts. The general rule upon this subject may be stated, that when it appears from the terms of the obligation that the surety has contracted to become bound by a judgment that has been or may be rendered in an action against his principal, it is conclusive against him, although he was not a party to the suit in which the judgment was obtained; but in an undertaking general in character, such as the bond sued upon in this case, the judgment obtained against the principal therein only creates a prima facie liability against the surety who was not made a party or given an opportunity to defend the suit in which the judgment was obtained. In such cases the judgment is not conclusive, and does not operate as an estoppel against the surety, and, when sought to be made liable therefor by the judgment creditors, he will be permitted to interpose any valid defense that would defeat the plaintiff's case existing at the time the judgment was obtained. The court correctly held that the judgment obtained by the Crane-Breed Manufacturing Company against the appellant was not conclusive against the appellees, Rogers and Christian."

There is apparently much contrariety of opinion about the application of this rule to the facts of the various cases, due in large part to the differences in the nature and effect of the obligations which were the subject of action. In the case of National Surety Co. v. Love, 105 Neb. 855, 182 N. W. 490, cited and relied on by appellant, the court referred to this rule and commented upon some of the cases supporting it. But the court did not think it applicable to the facts of the case, as clearly appears from the following holding therein:

"From the general tenor of the authorities bearing upon this question we are inclined to the view that the judgment, though rendered without notice to the indemnitor, was conclusive as to the facts necessarily taken into consideration by the Oregon court in arriving at the judgment, where it appears that the defense sought to be interposed by the indemnitor to show his nonliability upon the cause of action on which the judgment was based, had in good faith been presented by the indemnitee in the action wherein the judgment was rendered, and there is plea of no fraud or collusion. Clark v. Clune [172 Mich. 323, 137 N. W. 798], supra. In our opinion, therefore, the defense of settlement is concluded by the Oregon judgment."

In that case the court was considering whether or not the indemnitor could be regarded so far a stranger to the judgment as not to be concluded from again litigating the very matters expressly determined by it. In that case the indemnitor obligated himself to be liable over upon the express contingency of "judgments" against the indemnitee. The recovery of a judgment was the very event against which he convenanted. The effect was to be bound by the litigation; and such covenant operated, as determined by the court, under the rule at first herein outlined, to conclusively estop him from again asserting as defense the very matters expressly litigated in the former judgment. In no wise is that case applicable to the one here under consideration.

In view of the scope of the covenant in suit and of the rule applicable thereto, as laid down and applied in the case of Browne v. French, supra, and other authorities cited, it is believed that appellees were not estopped from setting up and proving the defense made against liability in the first instance of the appellant. It was permissible to show, in discharge of the burden to rebut or overcome the prima facie tendency arising out of the former judgment, that the loss in the first recovery was not occasioned by defaults for which the appellant was liable. Whether or not there was sufficiency of evidence in rebuttal depends upon a consideration of the whole evidence. Upon the whole evidence

the trial court concluded, and properly so, that different conclusions might reasonably be drawn therefrom, and submitted to the jury the finding of whether or not "material and substantial changes" were made "in the contract to erect the building." The jury answered that material and substantial changes were made. The court evidently gave effect to that finding of fact, as he was authorized to do, as fatal to the recovery, because the indemnitor's liability was increased to that extent, and it was discharged from liability under the indemnity to the extent of the injury so occasioned. It is an admitted rule that a guarantor is discharged by material alteration of contract, not consenting thereto. 5 Elliott on Contracts (Ed. 1913) § 3962.

It follows that the court did not err in denying recovery for the amount of the judgment and court costs. The items for attorney's fees and expenses, however, have, in a manner, a different aspect from the amount of the former judgment as a loss to appellant. The liability for such items does not stand or fall or become dependent in anywise upon the outcome of the liability over under the former judgment. It is immaterial that the former judgment may be legally held groundless. The items mentioned were not a part of nor the subject-matter of controversy in the former suit. The present suit is a direct action therefor. The covenant of appellees was to be liable over upon the express contingent of "counsel fees" and "expenses" being incurred and paid by appellant. The paying out by appellant of necessary and reasonable "expenses and counsel fees" in claims or suits was the very event which they covenanted against. The effect was to be absolutely bound by the fact of appellant's incurring and paying out such sums, if they were necessary and reasonable expenditures. The evidence shows that a claim was made, and afterwards a suit was filed by the owner of the building for alleged defaults of the building contractor. The appellant was an actual and proper party to the suit. Upon the claim being made, the appellant had investigation undertaken of the facts bearing upon it. Expenses were incurred in so doing, and they were paid. When the suit was filed, appellant employed an attorney to defend it. His fee and his expenses were paid. These facts are undisputed. All of the expenses were shown to be necessary and reasonable. The attorney's fee was shown to be reasonable. Such facts all appear without dispute.

The defense was that the attorney's fees were unnecessarily incurred. The evidence of the appellees is to the effect that the contractor, who was a party to the former suit, employed competent attorneys, and paid them, to represent both him and the appellant, their defenses being legally the same

and identical; that employment and payment of counsel by appellant, separate and additional to the counsel employed by the contractor, to also defend the suit, was an unnecessary cost to incur. It was shown, though, that, although separate pleadings were filed, the attorneys employed by appellant co-operated with the attorneys employed by the contractor, and that all the attorneys were efficient and made skillful presentation of the defenses in the case. The appellant would not have incurred such attorney's fees but for its suretyship. And it is admittedly shown, and without dispute to the contrary, that neither the contractor nor any one for him notified the appellant that attorneys had been employed and paid in the case. The appellant had no notice of employment of attorneys by the contractor until just prior to the trial, which was after appellant had contracted for an attorney and after the attorney had investigated and prepared the case for trial. Appellant had no notice that the contractor would enter an appearance in the case. In such facts it is believed that there was error in denying appellant's right to recover for the attorney's fees and expenses. A clear case of liability on appellees' obligation was established for reimbursement. An issue of fact of "unnecessary" employment of counsel by appellant, in bar of recovery for that expense, was not sufficiently raised in the circumstances. A suit was actually filed on appellant's indemnity contract, and it was an actual and proper party thereto. The necessity to employ counsel to represent appellant arose from that fact. It had the right to employ attorneys of its own choosing to present its defense to the suit, and nothing less than its consent otherwise would bar or release such right. The contractor had the right to also employ attorneys of his own choosing. Neither the contractor nor the appellant was legally compelled to employ the same attorney, nor was that required by the terms of appellees' indemnity bond. Either party could, if desirous of doing so, freely select attorneys to represent them separately. Although the contractor selected attorneys to represent both himself and appellant in the defense, yet in the circumstances such act is entirely referable to his independent and voluntary desire to do so at his own expense. The want of notice to appellant and the untimely silence about employment by the contractor of other attorneys present a situation which fully operates as an insuperable bar, in legal view, to a finding of fact that the employment of counsel by appellant was not required and wholly "unnecessary" to be done, and therefore was a purely voluntary act. There was no finding by the jury upon the point, and the court presumably made a finding against recovery. The appellant requested a peremptory instruction to the jury in its favor upon such items. The

judgment that should have been rendered in that particular respect is here now rendered. The judgment is accordingly reformed so as to allow recovery by appellant of the items of expenses and attorney's fees sued for, and, as so reformed, the judgment is in all things affirmed.

The costs of appeal are taxed against the appellees.

Reformed and affirmed.