The U. S. Wind Engine and Pump Company, plain-
tiff in error, v. Oswald Oliver, defendant in
error.

Stoppage in Transitu. The right of *stoppage in transitu* may be
asserted by the vendor of goods at any time before their delivery
to the vendee by the carrier. But if the goods are by the vendee
sold to a third party, in good faith, for value, and they are by
the carrier delivered to the vendee, who delivers them to his
vendee, the lien of the consignor is lost, and he cannot retake the
goods in the possession of such vendee of his vendee.

Error to the district court for Adams county. Tried
below before Morris, J.

*A. H. Bowen,* for plaintiff in error.

*Batty & Ragan,* for defendant in error.

Reese, J.

The original action was one of replevin, instituted by
plaintiff in error to recover the possession of certain prop-
erty alleged to have been wrongfully detained by the de-
fendant in error. The material facts of the case may be
stated briefly as follows: Plaintiff in error sold and con-
signed to the firm of Carpenter Bros. the property in dis-
pute. The shipment was made from Kansas City, Mis-
souri, plaintiff's place of doing business, and the property
was delivered to the Kansas City, St. Joe & Council Bluffs
Railroad Co. for transportation, and consigned to Has-
tings, Nebraska, a station on the Burlington & Missouri
River Railroad in Nebraska. The consigned property ar-
rived at Hastings, and for some time remained in the de-
pot. The freight was not paid. The consignees notified
the railroad agent that they would pay the freight and re-
move the property soon. Finally, the consignees sold the

property to the defendant in error, at which time they went to the railroad office, paid the freight, and removed the property, the defendant in error taking it into his possession, where it was at the commencement of this action. It appears that prior to the shipment of the goods, which was galvanized gas pipe, with rods, couplings, etc., suitable for making pumps, the firm of Carpenter Bros. had ordered goods of this kind and quality, but by mistake plaintiffs in error had shipped ordinary "black" piping with rods, etc. On the arrival of this black pipe, Carpenter Bros. had refused to accept it, and had so notified plaintiffs in error, who then shipped the property in question. At the time of the sale of the property in question, this "black" pipe was also in the depot, and was sold by Carpenter Brothers to defendant in error with the galvanized pipe. This property was also replevied in the suit, but the judgment was in favor of plaintiff in error so far as the black pipe is concerned, and it has no connection with this case, except in so far as it is claimed by the parties to throw light upon certain correspondence and notices, which are claimed to have been had and given.

It further appears that while all of the property remained at the depot the agent of the Burlington & Missouri River Railroad Company notified the Kansas City, St. Joe & Council Bluffs Railroad Company that the freight was unpaid and the goods were not removed by the consignee, who then communicated the facts to the consignor, plaintiff in error. Plaintiff in error then notified the K. C., St. J. & C. B. R. R. Co., to hold the goods until such time as it could send its agent to Hastings to pay the freight and reship them. Whether this notice was communicated to the B. & M. R. R. Co. or not is not clear, nor do we think it important in this case. It is contended by plaintiff in error that the purchaser, Carpenter Brothers, became insolvent, and upon notice of that fact being communicated to it, it asserted its right of *stop-*

*page in transitu* by the proper notice to the carrier, etc., and that it never lost its lien for the purchase price. It is as confidently asserted by defendant in error that there was no proof of the insolvency of Carpenter Bros. upon the trial, nor of the giving of any notice to the carrier of its intention to assert its right of *stoppage in transitu.* It is also claimed by defendant in error that the foregoing questions and claims all lose their importance in view of the fact that the railroad company received the freight on the goods and delivered them to the consignee or his grantee, and that the lien and right of stoppage were thereby destroyed, and plaintiff in error must now look to the purchaser for the price, or the railroad company for indemnity, as it may prefer. The proof shows that the property in dispute was at the railroad station at the time of the purchase by defendant in error from the consignee, that the consignee went with him to the depot, paid the freight, received the goods and delivered them to him, neither the consignee or defendant in error having any knowledge of any claims to their possession by plaintiff in error. That the purchase was *bona fide* and in good faith is not questioned. This terminated the right of plaintiff in error to the stoppage of the goods while in transit. It is well settled by all authorities, so far as we know, that the vendor of goods has a lien on them for the purchase price where the vendee becomes insolvent, and that the lien may be asserted by a *stoppage in transitu* at any time before delivery to the vendee. But if the goods are actually delivered to him or his agent, upon payment of freight the right of the vendor is gone. Hutchinson on Carriers, § 409. Story on Sales, §§ 318 and 319. *Newhall v. Vargas,* 13 Me., 93. *Fraschieris v. Henriques,* 6 Abb. Pr. N. S., 251.

It is suggested by defendant in error that the notice to the railroad company was not sufficient to give plaintiff in error the right to the possession of the goods. It is not

necessary to decide this question as in our view of the case it becomes unimportant and it is not considered.

The instructions of the court to the jury were, by consent of the parties, delivered to the jury orally, and reported by the court reporter, and are too long to be copied into this opinion. Objection is made to the latter part of the instruction by plaintiff in error. The part objected to has been examined by us and found to be in accord with the views here expressed.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.