THE WESTERN HORSE AND CATTLE INSURANCE COM-
PANY, PLAINTIFF IN ERROR, V. CLAUS TIMM, DE-
FENDANT IN ERROR.

Insurance of Live Stock: ACTION ON POLICY: PLEADING.
In an action upon a policy of insurance on a span of mules, where
it is alleged in the petition that the death of the insured mules
did not result from any act, design, procurement, or fault on the
part of the plaintiff, and there is a distinct allegation in the
answer that the plaintiff "suffered and permitted them (said
mules) to be overworked in plowing, and by such overwork
caused their death," and there was no reply or denial of such
allegation, and the cause was submitted to the trial court on the
pleading, without other evidence, a judgment for the plaintiff
will be reversed, and the cause remanded to the district court,
with leave to the plaintiff to reply, and for further proceedings.

ERROR to the district court for Adams county. Tried
below before MORRIS, J.

*Ragan, McDonald & Chellenberger*, for plaintiff in
error, cited: *Youngs v. Kent*, 46 N. Y., 672. Code, Sec.
134. *Schofield v. Bank*, 9 Neb., 321. *Faulkner v. Klamp*,
16 Id., 178. *Brown v. Montgomery*, 20 N. Y., 291.
*Redman v. Insurance Co.*, 4 N. W. R., 591. *McCann v.
McLennan*, 2 Neb., 290.

*Capps & McCreary*, for defendant in error, cited:
*Houghton v. Townsend*, 8 How. Pr. R., 441. *Western
Horse and Cattle Insurance Co. v. Scheidle*, 18 Neb.,
495. 12 Barb., 576. 33 Id., 621.

COBB, J.

This action was submitted to the district court on the
following stipulation: "The above cause is hereby sub-
mitted to the court on the petition and answer, without
proof, for the court to render judgment on said pleadings.

If for the plaintiff, in the sum of $300 and interest and costs as prayed for in petition, and if for the defendant, for costs."

The petition in substance states:

*First.*—That the defendant is an insurance corporation.

*Second.*—That on the 5th day of February, A.D. 1884, the defendant, in consideration of the premium paid it by the plaintiff, of twenty-one dollars, insured two mules, the property of the plaintiff, in the sum of three hundred dollars, by making, executing, and delivering to the plaintiff its certain policy in writing, a copy of which is set out in the petition.

*Third.*—That said policy insured the said two mules of the plaintiff for the sum of one hundred and fifty dollars each against loss by theft, disease, or accident (except fire and lightning), from the 6th day of March, 1884, to the 6th day of March, 1886.

*Fourth.*—Among other conditions contained in said written policy were the following: "3d. Where notes have been given for premiums, no claim for the payment of loss will be entertained if such notes have not been paid at maturity. 4th. Every policy holder obligates himself: *d.*—To avoid everything that may lead or contribute to the loss of the insured animals. 5th. When all necessary documents have been received, the company will cause loss to be properly investigated, and if the same shall prove correct and just, will settle them within five days after the establishment of such proof. 7th. The company shall not be liable to pay for the loss of any animal whose death is caused by the negligence or fault of the policy holder or his employes. 16th. The company reserves the right to cancel this policy at any time by giving notice to that effect to the policy holder, and returning to him the amount of the unearned premium, but not the policy fee."

*Fifth.*—That on or about the 17th day of April, 1884,

one of said mules thus insured died, and said death did not result from any act, design, procurement, negligence, or fault on the part of the plaintiff. That said mule died in Adams county, Nebraska, and its death was duly reported to the agent of the defendant within twenty-four hours, viz., on the 18th day of April, 1884, and the plaintiff has duly performed all of the conditions of said policy on his part; that said mule was worth one hundred and fifty dollars when he died, and plaintiff has demanded that sum from defendant and been refused, and no part thereof has been paid.

As a second cause of action: That on the 27th day of May, A.D. 1884, the second mule died, leaving no issue but this lawsuit; that said death occurred in Adams county, Nebraska; that it did not occur by any act of negligence, design, procurement, or fault on plaintiff's part; that due notice of said death was given to the defendant, and that the plaintiff has fully kept and performed all the conditions of said policy on his part; that said second mule was worth one hundred and fifty dollars when he died, and that amount was duly demanded by plaintiff of defendant and refused, and no part of it has ever been paid.

The answer of the plaintiff in error was, in substance: It admits " the corporate existence, the issuing of the policy set out in plaintiff's petition, and the death of the mules therein mentioned, and denies each and every other allegation in said petition."

Second defense: After setting out the conditions of the policy, that, in case the premium was not paid in cash but by note, and said note was not paid at maturity, the policy should not be valid, but that the defendant might revive it, the answer continues: " That said plaintiff did not pay the insurance premium in cash in this case, but executed his note to the defendant therefor, due on the first day of April, 1884. That said note was not paid when due nor any part thereof. * * * That long after

said note matured, and after said insurance had ceased to be in force, the mule of the plaintiff which died first became violently sick and came near unto death, and when said mule was in fact dying, the plaintiff sent the money long past due on said premium note to defendant, but did not in any manner inform the defendant that the insured stock was sick, and defendant had no knowledge that said stock, or any of it, was sick, but supposing and believing the said stock to be in good health, * * * the said defendant held said money a reasonable time for the purpose of ascertaining the condition and health of said insured stock, and until it (the defendant) ascertained that the said plaintiff had practiced a fraud on it as above set forth; that said stock, when plaintiff sent said money to defendant, was sick. Whereupon, on or about the 20th of May, 1884, the said defendant tendered and offered to pay back to said plaintiff the premium money so received from him as aforesaid, and notified said plaintiff that his said policy was of no force and effect, and refused to revive said policy, but said plaintiff refused to accept, at that time, the said premium money. That afterwards, to-wit, on or about the 20th day of June, 1884, the defendant returned said plaintiff the said premium money so sent to defendant by said plaintiff, as aforesaid, and said plaintiff accepted and has hitherto retained the same."

Third answer : "Defendant further answering, alleges that the plaintiff, in and by said policy of insurance, was obligated to conscientiously care for and attend to said insured mules, and did not do so, but on the contrary suffered and permitted them to be overworked in plowing, and by such overwork caused their death."

There was no reply.

On these issues and under the aforesaid stipulation, the court "found from the issues joined, in favor of the plaintiff and against the defendant, and assessed his damages at three hundred dollars, and afterwards ordered judgment

against the defendant and in favor of the plaintiff, for three hundred dollars and costs, which were taxed at one hundred and six dollars and ninety-three cents." To all of which the defendant (plaintiff in error) duly excepted.

The defendant duly filed his petition in error in this court, duly presenting such errors and exceptions, and asking that the said judgment of the district court against him be reversed, and that judgment absolute be given by this court on said stipulation in favor of this plaintiff in error, and against the defendant in error, for its costs.

We are all of the opinion that the third answer of the defendant presents a defense which, if admitted in pleading, or proved on trial, would defeat a recovery. It certainly contains new matter. Although it may be said that the allegations of said clause of the answer, that plaintiff caused the death of the insured mules, by suffering them to be overworked, was in a sense negatived in advance, by the allegations of the petition, that "said death did not result from any act, design, procurement, or fault on the part of the plaintiff," but those words of the petition were probably necessary to prevent the petition being open to demurrer, and are too general to be held to answer in advance the special allegations of the answer. It has often been said by this court on the bench, and I think more than once in its written opinions, that in a case where a reply was necessary and none made, yet, if the cause was tried as though there was a proper reply on file, no advantage could be taken of its absence in this court. But that rule cannot be applied to a case like the one at bar, where the cause is submitted on the pleadings. The judgment of the district court is reversed, and the cause remanded, with instructions to that court to permit the defendant to file a reply and for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.