SCHUSTER, HINGSTON & CO. v. WASHINGTON I. CARSON.

[FILED JANUARY 28, 1890.]

1. **Stoppage in Transitu.** Where goods are sold on time the vendor cannot claim the right to stop said goods in transit without showing that the vendee is insolvent, and that the goods have not come into his actual or constructive possession.

2. ———. The attachment of such goods while in the possession of the carrier, by a general creditor of the vendee, does not destroy the right of stoppage *in transitu.*

3. **Supreme Court:** OBJECTIONS NOT RAISED BELOW. When there is no answer in the record brought to this court, but it appears that the cause was tried by both parties without objection, as though an answer had been filed denying the allegations of the petition, this court will treat the case in the same way.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Maule & Sloan,* for plaintiffs in error, cited : Hutchinson, Carriers, sec. 409; 2 Redfield, Railways, 132; *O'Neal v. Garrett,* 6 Ia., 480; *Sutro v. Hoile,* 2 Neb., 186 ; *Steele v. Russell,* 5 Id., 215; *Grimison v. Russell,* 11 Id., 469; *C., B. & Q. R. Co. v. Painter,* 15 Id., 396; *Symns v. Schotten,* 35 Kan., 310 [10 Pac. Rep., 831]; *Rogers v. Thomas,* 20 Conn., 62; *Reynolds v. Boston & M. R. Co.,* 43 N. H., 580; *The Tigress,* 32 L. J. [Eng. Adm.], 101; *Calahan v. Babcock,* 21 Ohio St., 281; 1 Benjamin, Sales, sec. 859.

*F. B. Donisthorpe, contra,* cited: 1 Parsons, Contracts [6th Ed.], pp. 547, 630 ; Wells, Replevin, sec. 340 ; *C., B. & Q. R. Co. v. Painter,* 15 Neb., 396.

NORVAL, J.

This is an action in replevin. The case was submitted to the court upon the following statement of facts:

"SCHUSTER, HINGSTON & Co. ⎫
          *v.*              ⎬
WASHINGTON I. CARSON.       ⎭

"It is hereby agreed and stipulated by and between the parties to the above entitled cause that the same shall be submitted on the following statement of facts : that the plaintiffs are a copartnership doing business at St. Joseph, Missouri; that on the 21st day of September, 1888, they sold to one A. Sands the goods and property which are the subject of this action, for the sum of $685.50, to be paid for in four months from that date, no part of which sum has ever been paid to plaintiffs; that on the 21st day of September, 1888, the plaintiffs delivered said goods to the Chicago, Burlington & Quincy Railroad, at St. Joseph, Mo., as a common carrier, to convey said goods to the sta-

tion at Geneva, Fillmore county, Nebraska, as further evidenced by the original bill of lading issued by the agent of such common carrier, and attached hereto and made a part hereof; that in pursuance of said bill of lading and agreement contained therein, the said C., B. & Q. Railroad conveyed said goods to Geneva station; that on the first day of October, 1888, the defendant herein, as sheriff of Fillmore county, Nebraska, by virtue of an order of attachment, issued by J. D. Hamilton, a justice of the peace in and for Fillmore county, in a suit wherein one Silas B. Camp was plaintiff, and said consignee, A. Sands, was defendant, did levy upon and take possession of said goods while the same were in the possession of the said C., B. & Q. railroad in their freight house at Geneva, Nebraska, and before the same had been delivered by the said railroad to the consignee; that if the court shall find for the plaintiff, from the above agreed statement of facts, that the right of property or right of possession was in the plaintiff, he shall assess the damages at the sum of twenty-five cents; that if the court shall find that the right of possession was in the defendant, then he shall find the value of that possession at $250, except it shall be found that the defendant had a lien on said property for freight paid; then the value of said possession shall be found at $3.22, and damages in the sum of twenty-five cents."

The court found for the defendant; the plaintiffs filed a motion for a new trial which was overruled, and they bring the case to this court by a petition in error.

The principal question to be decided in this case is whether the plaintiffs in error had a right, under the agreed facts, to reclaim the goods which they had sold to A. Sands, and which had been attached by the defendant in error, as sheriff, by virtue of a writ of attachment placed in his hands against said A. Sands. The stipulation of the parties shows that the goods in controversy were sold on credit, and were shipped to the vendee by rail,

and while in the warehouse of the carrier at the point of destination the goods were attached by the sheriff. It is well settled by adjudicated cases that the right of stoppage *in transitu* exists until the goods are delivered to the buyer or possession, actual or constructive, is taken by him. And generally this right is not defeated by the arrival of the goods at the place of destination. (*U. S. W. E. & P. Co. v. Oliver*, 16 Neb., 612; *Greve v. Dunham*, 14 N. W. Rep. [Ia.], 130; Hutchinson on Carriers, sec. 499.)

The fact that the goods were attached by a general creditor of the vendee while the goods are in the warehouse of the carrier at the point of destination, does not destroy the right of stoppage *in transitu*. (*O'Niel v. Garrett*, 6 Iowa, 480; *Rucker v. Donovan*, 13 Kan., 251.)

It will be observed that the stipulation fails to show that the vendee, A. Sands, was insolvent, which we think is decisive of the right of plaintiff in error to stop the goods *in transitu*. (*Walsh v. Blakely*, 9 Pac. Rep. [Mont.], 809; Hutchinson on Carriers, sec. 499; *C., B. & Q. Railroad Company v. Painter* 15 Neb., 396.) The fact that the property was attached is no evidence that the vendee was insolvent. For aught that appears in this record he is abundantly able to pay all legal demands.

It does not appear that an answer was filed in the lower court. The plaintiff in error claims that the allegations of the petition must be taken as true, and that judgment should have been for the plaintiff in error, notwithstanding the stipulation of facts. The cause was submitted to the court to be decided upon an agreed state of facts as though an answer was on file, and no question was raised in that court that one was not filed. This court has held, in the case of the *Western Horse & Cattle Ins. Co. v. Timm*, 23 Neb., 526, "that where a reply was necessary and none made, yet if the cause was tried as though there was a proper reply on file, no advantage could be taken of its absence in this court." The attention of the trial court

was not called to the fact that no answer had been filed. We now think it too late for the plaintiffs in error to complain.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.