Scott **RANKIN**, Appellant,

v.

**FARMERS ELEVATOR MUTUAL INSURANCE COMPANY**, Appellee.

No. 9371.

United States Court of Appeals
Tenth Circuit.
April 5, 1968.

Harry Waite, Dodge City, Kan. (E. C. Minner and Harry A. Waite, Dodge City, Kan., on the brief) for appellant.

Clarence N. Holeman, Wichita, Kan. (Harold Irwin, Clarence N. Holeman, Richard R. Eads, Wichita, Kan., Paul D. Wilson, Gen. Counsel, Des Moines, Iowa, on the brief) for appellee.

Before JONES *, BREITENSTEIN and SETH, Circuit Judges.

JONES, Circuit Judge:

The appellee, Farmers Elevator Mutual Insurance Company, issued to the appellant, Scott Rankin, a policy of "family" insurance which provided, among other things, for automobile liability coverage. The policy expressly excluded liability for "bodily injury or property damage caused intentionally by or at the direction of the insured." The litigation from which this appeal arose was commenced with a complaint filed by Farmers Elevator seeking a declaratory judgment against its insured Rankin that it had no liability for injuries sustained by twenty-year old James Konrade, also a defendant, in a collision between a pickup truck owned and driven by Rankin and a motorcycle operated by Konrade. The complaint stated that Rankin intentionally ran into Konrade and that it had no liability. Konrade cross-claimed against Rankin seeking compensatory and punitive damages for his injuries. Rankin cross-claimed against Konrade alleging that he and others of a "gang" of motorcyclists had trespassed on Rankin's terraced fields committing vandalism and malicious mischief on previous occasions and just prior to the collision. For the injury to his field Rankin claimed both actual and exemplary damages.

The admitted facts of the collision, as set forth in a memorandum of the court, are as follows: "Rankin was angry that a group of five boys, including Konrade, were cycling about a terraced field on his farm. He called the sheriff's office, which responded promptly. Shortly, unaware that a deputy had already appeared, and that the boys had left upon his request, Rankin set out in his pickup truck to investigate. He came upon two of them driving along a road adjacent to his farm, and sought to cause one of them, Konrade, to stop. To do so, he pulled abreast of him, and drove thus for about 150 to 200 feet, at approximately 50 miles per hour. Jim Davis, sheriff of Ford County, Kansas, testified that Rankin had told him he blinked his lights and honked his horn, to get Konrade to stop." "Scott Rankin, traveling about 50 miles per hour, did deliberately turn his pickup truck to the right and into the motorcycle being driven by the defendant, James Konrade, and the defendant, James Konrade, was thrown off of the motorcycle and into the ditch alongside to the right of the road."

The district court granted a summary judgment for Farmers Elevator, holding that Konrade's injuries were intentionally caused by Rankin and that, under the exclusionary clause of the policy, Farmers Elevator was under no duty to defend or to indemnify Rankin. The district court rejected Rankin's contention that, although the turning was deliberate, the running into Konrade and the consequences of the collision were not deliberate or intentional. The district court submitted to the jury the claim of Konrade against Rankin and the claim of Rankin against Konrade. Verdicts awarding damages to each against the other were returned and

* Of the Fifth Circuit, sitting by designation.

judgments were entered on the verdicts. These are not questioned on this appeal. The only issue presented is whether the summary judgment for Farmers Elevator was proper.

It was the contention of Rankin in the district court, and he contends here, that there is a distinction between an intention to do an act and an intention to cause bodily injury by the intentional doing of the act. He urges that although he intentionally swerved his pickup truck into Konrade's motorcycle, this does not conclusively establish an intention to injure Konrade. He asserts that a fact issue was presented and that it should have been submitted to the jury.

It is not necessary in this case to make any subtle distinctions between an intentional act and an intentional injury resulting from an act. See Note 2, A.L.R. 3rd 1238, 1243. This is not the kind of case where an actor causes a missile to be thrown without contemplating or having a design that it should strike the person thereby injured. Here the driver of a truck, while traveling at a speed of fifty miles an hour alongside of a motorcycle going in the same direction at the same speed, deliberately and purposefully threw his truck against the motorcycle and its rider. Persons are presumed to intend the natural and probable consequences of their acts. State v. Gordon, 151 Kan. 932, 101 P.2d 888.

The serious injury of the rider of the motorcycle was a consequence of the deliberate collision and should have been expected and hence intended.

In applying the principles by which this appeal is to be decided, there is no place for a distinction between a deliberate act and an intentional act. Where an intentional act results in injuries which are the natural and probable consequences of the act, the injuries as well as the act are intentional. See Wigginton v. Lumbermens Mutual Casualty Co., La.App., 169 So.2d 170.

We agree with the district court that there was no substantial question of fact that required the submission to the jury of the issue as to whether or not Farmers Elevator was under a duty to defend and indemnify. The summary judgment was a proper one and it is

Affirmed.