T. H. LUNDT, DOING BUSINESS AS T. H. LUNDT CONSTRUCTION COMPANY, APPELLEE, v. INSURANCE COMPANY OF NORTH AMERICA, APPELLANT.

166 N. W. 2d 404

Filed March 21, 1969. No. 37064.

Cassem, Tierney, Adams & Henatsch, for appellant.

Foulks, Wall & Wintroub, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and KOKJER, District Judge.

NEWTON, J.

This is an action for an attorney's fee brought by T. H.

Lundt, doing business as T. H. Lundt Construction Company, against Insurance Company of North America. Judgment was entered for plaintiff in the district court. We reverse the judgment and dismiss the cause.

Plaintiff brought an action against Parsons Construction Company which had engaged in the construction of a sanitary sewer for Sanitary & Improvement District No. 35 of Douglas County, Nebraska. Defendant furnished a performance bond for Parsons and was joined as a defendant in the action against Parsons. On demurrer, the trial court ruled there was a misjoinder of parties and directed that the suit against this defendant be separately docketed. Basis of the action was damage done by Parsons to a storm sewer being constructed by Lundt for the city of Omaha, Nebraska. Judgment was rendered against Parsons. See Lundt v. Parsons Constr. Co., 181 Neb. 609, 150 N. W. 2d 108. The judgment was promptly paid by Parsons' liability insurer. An attorney's fee was not allowed in that case and plaintiff now seeks to recover the fee from the defendant on the Parsons' performance bond.

Parsons' contract with the Sanitary District required Parsons to post a performance bond as security for the faithful performance of the contract and for the payment of all persons performing labor on the project and furnishing materials in connection with the contract. It further required Parsons to carry workmen's compensation insurance, and public liability and property damage insurance. These provisions were fully complied with and, as mentioned, the Parsons' liability and property damage carrier promptly paid the Lundt judgment against Parsons.

Plaintiff's theory is that the trial court erred in sustaining the demurrer for misjoinder, that it should have been permitted to join the defendant in the original action, and that had this been done, an attorney's fee could have been recovered against the defendant under section 44-359, R. R. S. 1943. No motion was made to

consolidate for trial the redocketed case against defendant with the case against Parsons.

The bond contained the following provisions: "SECOND: The Principal shall protect and hold harmless the Owner from any and all suits and actions of every description that may be brought against said Owner on account of injuries to or death of persons or damage to property received or sustained by any person or persons through the negligence of the Principal or his agents: * * *."

No judgment has been obtained against the defendant as is required by statute. The statute authorizes the assessment of attorney's fees, as costs, *only when judgment is rendered* upon a policy of insurance. The liability of the insurer, surety, or guarantor on its agreement must first be determined and adjudged. Plaintiff maintains that this is not required in the present case because defendant prevailed upon the trial court to erroneously sustain the demurrer on the ground of a misjoinder of parties and defendant was thereby dismissed as a defendant in the original case. This contention is ingenious, but is not sound. We are asked to tax an attorney's fee or costs against a party whose primary liability has never been, and cannot now be, determined. A party cannot be denied its day in court. It is always entitled to insist upon a determination of its liability under its guaranty or suretyship agreement before being subjected to the taxation of costs. Plaintiff now has no standing to insist upon a primary judgment against the defendant because a judgment recovered against the principal for the damage sustained has been fully paid.

In the case of Gipson v. Metropolitan Life Ins. Co., 112 Neb. 302, 199 N. W. 541, this court held: "Where an insurance company offered to pay to the beneficiary the amount due upon the contract upon the furnishing of proofs of loss as required by the contract, and where after proofs of loss were furnished the insurer with due diligence in the usual course of business was proceed-

ing to pay the amount due, and where within a few days after mailing proofs of loss an action was commenced upon the contract, and where before answer day the insurer tendered the amount due, which was refused unless an attorney's fee of $100 was added, and where the insurer offered to confess judgment for the amount due, which was accepted, an attorney's fee is not properly taxable as costs under section 7811, Comp. St. 1922." In that case the court found that even though judgment was obtained on a policy of insurance, the suit was unnecessary to recovery and that, therefore, an attorney's fee could not be recovered. In the present case, no judgment has been obtained upon a policy of insurance because settlement was promptly made following judgment against the principal obligor. There is no judgment as to which costs may be deemed to be ancillary.

The case of Morton v. Travelers Indemnity Co., 171 Neb. 433, 106 N. W. 2d 710, presents an analogous situation arising under section 44-381, R. R. S. 1943. Therein the court held that in order to recover attorneys' fees, there must first be a judgment recovered against an insurance company upon a policy of insurance, that costs will not be taxed to a party in the absence of statutory authority, and that statutes of this nature must be strictly construed and applied. On consideration of these authorities and of the statute upon which plaintiff bases his action, we are constrained to find that his contentions are without merit.

The judgment of the trial court is reversed and the cause dismissed.

REVERSED AND DISMISSED.