STATE FARM FIRE & CASUALTY COMPANY, A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. WILLIAM J. MUTH ET AL., APPELLEES AND CROSS-APPELLANTS.

207 N. W. 2d 364

Filed May 21, 1973. No. 38783.

Fraser, Stryker, Marshall & Veach, for appellant.

Matthews, Kelley, Cannon & Carpenter and Burbridge, Burbridge & Parsonage, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

In order to correct an oversight in our opinion, State Farm Fire & Cas. Co. v. Muth, *ante* p. 248, 207 N. W. 2d 364, filed May 11, 1973, the following paragraphs are substituted for the last three paragraphs of that opinion.

The appellee, James Brailey, and the appellee, Allen Muth, assign as error the refusal of the trial court to allow them attorneys' fees to be taxed as costs for the services of their respective attorneys in the court below in this action. They rely upon section 44-359, R. S. Supp., 1972, and our recent holdings in Workman v. Great Plains Ins. Co., Inc., 189 Neb. 22, 200 N. W. 2d 8; and State Farm Mut. Auto. Ins. Co. v. Selders, 189 Neb. 334, 202 N. W. 2d 625; and upon Metcalf v. Hartford Acc. & Ind. Co., 176 Neb. 468, 126 N. W. 2d 471.

In Workman v. Great Plains Ins. Co., Inc., *supra*, this court held that the 1971 amendment to section 44-359, R. R. S. 1943, made it applicable to declaratory judgment actions brought by the insured against the insurer. In State Farm Mut. Auto. Ins. Co. v. Selders, *supra*, we said the right to attorney's fees did not depend upon who brought the action and awarded attorney's fees to the insured in an action brought by the insurer. In the earlier case of Metcalf v. Hartford Acc. & Ind. Co., *supra*, we held that a judgment creditor was entitled to attorney's fees when he had to bring an action against the liability insurer to collect his judgment against the insured. This action is brought by the insurer against both the insured and the judgment creditor and its result is tantamount to an action by the judgment creditor on the policy. The court below erred

in not awarding an attorney's fee to Brailey and Muth in this action.

The appellant urges that we overrule Selders and argues that before we can reach the result we now do, we must overrule Lundt v. Insurance Co. of North America, 184 Neb. 208, 166 N. W. 2d 404. Our holdings in State Farm Mut. Auto. Ins. Co. v. Selders, *supra*, and in Lundt v. Insurance Co. of North America, *supra*, are clearly distinguishable. In Lundt v. Insurance Co. of North America, *supra*, the facts were that the plaintiff had earlier obtained a judgment against the insured which the defendant liability carrier paid. The plaintiff then sought in the cited case to obtain an attorney's fee from the insurer for its services to the plaintiff in the action in which it obtained the judgment against the insured. There never was any action on the policy because the insurer had paid. The situation in Lundt v. Insurance Co. of North America, *supra*, is the same as if the court below or this court were being asked to award Brailey an attorney's fee for the services of his attorney in obtaining the judgment against Muth. Lundt has no application to this case. Appellees James Brailey and Allen Muth are awarded an attorney's fee of $750 for services of their attorneys in this court. If the parties cannot agree upon the division of said fee, the court below may hear evidence and make an appropriate division.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR FURTHER PROCEEDINGS.