INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, APPELLEE, V. EARL G. HAWKINS ET AL., APPELLANTS.

246 N. W. 2d 878

Filed November 24, 1976. No. 40583.

Thomas J. Monaghan of Malcolm D. Young Law Offices, for appellants.

Theodore J. Stouffer of Cassem, Tierney, Adams & Gotch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCown, J.

This is an action by the plaintiff, Insurance Company of North America, against the defendants, Earl G. Hawkins and Kenneth J. Hawkins, to recover damages for breach of a written indemnity agreement. The District Court entered judgment for the plaintiff in the sum of $8,016.18 and costs, and the defendants have appealed.

The essential facts are not in dispute. This case, however, is interwoven with prior litigation involving the same or related parties, and reference to that litigation is essential to clarify the issues in the present case.

On August 15, 1958, the defendants, Earl G. Hawkins and Kenneth J. Hawkins, entered into a written indemnity agreement with plaintiff, Insurance Company of North America. The agreement recited that the defendants, who were financially and otherwise interested in the affairs of Parsons Construction Company, Inc., were interested in having Parsons secure prompt execution of contract bonds. The defendants Hawkins therefore agreed, in consideration of the issuing of contract bonds by INA for Parsons Construction Company, that the defendants would pay, or cause to be paid, all premiums on such bonds and would perform all the obligations of any such bonds and would "at all times indemnify and keep indemnified (INA) from and against every claim, demand, loss, liability, cost, charge, attorneys' fee, expense * * * that (INA) shall or may for any cause at any time sustain, incur or become subject to by reason of executing any such bond(s)." The agreement was a continuing one applying to each contract bond subsequently issued by INA for Parsons Construction Company.

On January 7, 1960, INA issued a performance and maintenance bond on behalf of the Parsons Construction Company to Sanitary Improvement District No. 35 in Douglas County for the construction of a sanitary

sewer by Parsons. INA also had in effect a contract of liability insurance for Parsons Construction Company. On May 1, 1964, T. H. Lundt, doing business as T. H. Lundt Construction Company, filed a petition against Parsons Construction Company and INA. The petition alleged two causes of action. In the first cause of action, Lundt alleged that during the construction of the sanitary sewer by Parsons, Parsons had negligently damaged an adjoining storm sewer which had been constructed by Lundt. The second cause of action alleged that Parsons Construction Company's contract with SID No. 35 required it to protect all property along its line of construction and pay for damage by it; that the contract provision was to protect adjoining landowners; and that Parsons was liable to Lundt for breach of this contract. In addition, the second cause of action alleged that INA provided the performance and maintenance bond for Parsons on the SID No. 35 job, and therefore, Lundt was entitled to recover from INA as well as Parsons. INA then demurred on the ground there as a misjoinder of causes of action and a defect of parties defendant. That demurrer was sustained and counsel for Lundt then made an oral motion to sever the claim against INA from the claim against Parsons and for leave to separately file and docket the case against INA and that leave was granted and the case separately docketed. The original action of Lundt v. Parsons went to trial, resulted in a jury verdict in favor of Lundt and against Parsons, was appealed to this court, and affirmed on appeal with modification. See Lundt v. Parsons Constr. Co., 181 Neb. 609, 150 N. W. 2d 108.

Subsequently, Lundt's claim against INA on the performance bond for attorneys' fees incurred by Lundt in connection with the prior Parsons case was tried to the court without a jury. The District Court entered judgment against INA which was subsequently appealed to this court and reversed and dismissed on appeal. See

Lundt v. Insurance Co. of North America, 184 Neb. 208, 166 N. W. 2d 404.

INA then brought this action against the Hawkinses to recover the attorneys' fees, expenses, and costs incurred in the defense of Lundt's suit against INA on the Parsons performance bond. Trial of the case was bifurcated by agreement into trial of the liability issue and the damage issue. The trial on the liability issue consisted solely of the introduction of exhibits and stipulated testimony with accompanying identification by stipulation or waiver of objection. At the conclusion of that portion of the trial, the District Court found that trial of the issues was to be confined to the issue of liability and, pursuant to stipulation, the court considered the matter as submitted upon a motion for partial summary judgment on the issue of liability only. The court thereupon sustained the plaintiff's oral motion for partial summary judgment on the issue of liability. At a later portion of the trial on the issue of damages, presided over by a different judge of the District Court, judgment was entered for the plaintiff and against the defendants for attorneys' fees and other costs and expenses in the total sum of $8,016.18. This appeal followed.

The defendants contend that the entry of a partial summary judgment on the issue of liability was erroneous and deprived them of due process of law. The contention is that the District Court had previously overruled a motion for summary judgment, and that the partial summary judgment order here was made without any further hearing. The record, however, clearly reflects that a trial was scheduled and held. Evidence was adduced by stipulation or waiver, exhibits were introduced, arguments made by counsel and briefs submitted.

While it was technically inaccurate to designate the order as a partial summary judgment on the issue of liability, the error, if any, was technical and procedural.

The defendants had their full day in court on the issue of liability, had the opportunity to introduce all the evidence they wished to submit, and made all appropriate objections to plaintiff's evidence. The defendants fail to assert or prove any prejudice or injury caused by the procedural inadvertence, and the record wholly fails to sustain any contention of violation of due process. Prejudicial error must appear affirmatively in the record, and the party appealing from the judgment has the burden of showing prejudice. McClellen v. Dobberstein, 189 Neb. 669, 204 N. W. 2d 559. Due process does not require a technically perfect trial, but only a fair one.

Defendants also contend that plaintiff cannot recover from defendants because the plaintiff failed to tender defense of the lawsuit on the performance bond to the individual defendants. The evidence reflects that plaintiff did tender the defense to Parsons Construction Company in a letter addressed to one of the individual defendants but it did not specifically notify either of the defendants in their capacities as individual indemnitors. Notice of suit or tender of defense is not ordinarily a condition precedent to recovery on an indemnity contract for a liability incurred or determined in a prior action against the indemnitee. See National Surety Co. v. Love, 105 Neb. 855, 182 N. W. 490. In the absence of notice or tender of defense, the amount to be indemnified is a question of fact rather than being conclusively established by the prior judgment. See, 73 A. L. R. 2d 506; 42 C. J. S., Indemnity, § 26, p. 604; National Surety Co. v. Love, *supra.* Any failure to notify the individual defendants here did not preclude any recovery against them on the indemnity contract. It simply left the plaintiff with the burden of proving the amount for which it was entitled to be indemnified.

Defendants also assert that the plaintiff took inconsistent positions and failed to assert the statute of limitations as a defense in the performance bond case.

These contentions are not supported by the record. Purported evidence which does not appear in the record cannot be considered by this court on appeal. Schetzer v. Sullivan, 193 Neb. 841, 229 N. W. 2d 550.

Finally, the defendants contend that the attorneys' fees included in the judgment were excessive. The evidence as to attorneys' fees was, to some extent, conflicting. Both parties introduced the testimony of expert witnesses on the issue of the amount and reasonableness of the attorneys' fees involved. The trial court saw and heard the witnesses and determined that those fees were reasonable. In a law action tried to the court without a jury, it is not within the province of this court to weigh or resolve conflicts in the evidence. The credibility of the witnesses and the weight to be given to their testimony are for the trier of fact. Snay v. Snarr, 195 Neb. 375, 238 N. W. 2d 234. The judgment of a trial court in an action at law tried to the court without a jury has the effect of a verdict of a jury and should not be set aside on appeal unless clearly wrong. Henkle & Joyce Hardware Co. v. Maco, Inc., 195 Neb. 565, 239 N. W. 2d 772. The evidence was sufficient to fully support the determination of the trial court as to the reasonableness of the attorneys' fees involved here.

The judgment is affirmed.

AFFIRMED.

BRODKEY, J., not participating.