Marlo HINS, Plaintiff/Appellant,

v.

Robert HEER, Defendant/Appellee,

and

Aid Insurance Company,
Garnishee/Appellee.

Civ. No. 9343.

Supreme Court of North Dakota.

Oct. 11, 1977.

Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for plaintiff and appellant; argued by Irvin B. Nodland, Bismarck.

Fleck, Mather, Strutz & Mayer, Ltd., Bismarck, for garnishee and appellee; argued by Warren H. Albrecht, Jr., Bismarck.

PAULSON, Justice.

This is an appeal from the judgment of the district court of Burleigh County dated January 25, 1977, dismissing the plaintiff's garnishment action with prejudice. Plaintiff, Marlo Hins, appeals, contending that the trial court erred in its finding that the garnishee, Aid Insurance Company, is not liable to pay a judgment debt owed by the defendant, Robert Heer, by reason of a homeowner's insurance policy issued by Heer.

The instant case arose from an assault and battery committed by Heer upon Hins on the night of November 23, 1974, in front of The Orient, a lounge and restaurant facility located between Mandan and Bismarck. As a result of such assault and battery, Hins suffered a broken jaw which required extensive medical attention and caused him to miss several days of work. In April of 1975, Hins sued Heer, seeking both general and punitive damages. Heer, who had a homeowner's insurance policy with Aid Insurance Company, the garnishee

herein, notified Aid of the suit. Aid declined to defend, asserting that Heer's homeowner's policy afforded no coverage for willful acts. Heer did not defend the lawsuit personally, and a default judgment was obtained against him. Thereafter execution was issued on such judgment and returned unsatisfied. Hins then commenced the instant garnishment proceeding against Aid, asserting that Aid is either indebted or under liability to Heer pursuant to the provisions of Homeowners' Policy No. HO 835649, issued by Aid to Heer.

The trial court concluded as a matter of law in its findings of fact, conclusions of law, and order for judgment dated January 25, 1977:

"Conclusions of Law

"I.

"That the insurance policy in question does not as a matter of law provide coverage for the alleged acts in this case.

"That the garnishee, Aid Insurance Company, was not liable to defend this action and is not liable for the default judgment obtained herein."

## I.

## DUTY OF GARNISHEE TO DEFEND

■ It is Hins's contention that Aid was under a contractual obligation to Heer to appear and defend the underlying action herein. We find that Hins has no standing to challenge Aid's duty to defend pursuant to the provisions of Heer's homeowner's insurance policy. Hins does not stand as either a creditor or a donee third-party beneficiary to the insurance contract's provisions on duty to defend—only negative benefits would accrue to Hins if Aid were to appear and defend Heer, potentially reducing, if not eliminating, Hins's judgment award. The instant case is therefore distinguishable from the prior decisions on an insurance company's duty to defend where it was the insured who sought enforcement of an insurance company's duty to defend. *See Kyllo v. Northland Chemical Co.,* 209 N.W.2d 629 (N.D.1973).

## II.

## INSURANCE POLICY COVERAGE

The narrow question before this court is whether Aid, as a matter of law, is indebted to or under a contractual liability to Heer under the provisions of Aid's homeowner's insurance policy issued to Heer for any part of or all of the judgment of the Burleigh County District Court dated December 10, 1975, finding Heer liable to Hins in the amount of $25,032.50. We conclude that it is not.

A perusal of Heer's homeowner's insurance policy reveals several pertinent provisions on policy coverage of such incidences as are involved in the present case. First, on page 3 of the policy, under Section II, Coverage E–Personal Liability, the policy states:

"This Company agrees to pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence."

Then, on page 4 of the policy, under "ADDITIONAL DEFINITIONS" the policy defines "occurrence" as follows:

"5. 'occurrence': means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage."

And finally, on page 4 of the policy, under "EXCLUSIONS" the policy provides:

"This policy does not apply:

"1. Under Coverage E–Personal Liability and Coverage F–Medical Payments to Others:

.    .    .    .    .

"f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured."

■ We find the insurance policy does not cover the injuries sustained by Hins in the instant case. First, Hins's contention that Heer never expected or intended that Hins would be injured as a result of Heer's blow to Hins's jaw and that, therefore, the altercation was beyond the scope of Policy

Exclusion Clause 1(f), is not supported by the record before us. The complaint filed in the instant case, which served as the basis of the trial court's finding of liability, avers that Heer "wantonly, willfully, and maliciously committed a physical assault" upon Hins, resulting in grievous injury and damage to Hins's body, mental anguish, hospitalization, lost work days, medical bills, and permanent injury and disfigurement, for which Hins sued for $20,000 compensatory damages and $5,000 punitive damages—both of which damage claims were awarded in full by the trial court by default judgment. Nothing in the record before us supports a finding that Heer's blow was an accident or unintentional. Further, we find no merit in Hins's assertion that a distinction exists between Heer's intentional act of assaulting Hins and the consequences of such assault.

"Where an intentional act results in injuries which are the natural and probable consequences of the act, the injuries, as well as the act, are intentional." *Rankin v. Farmers Elevator Mutual Insurance Co.*, 393 F.2d 718, 720 (10th Cir. 1968). The "occurrence" giving rise to the instant case falls clearly within the purview of Exclusion Clause 1(f) of Heer's homeowner's insurance policy.

Second, the intentional assault and battery alleged to have occurred in the case at bar is not an accident or occurrence to which Heer's homeowner's insurance policy is applicable. Although the policy's Exclusion Clause 1(f) is unartfully drawn, excluding as it does "bodily injury or property damage which is either expected or intended from the standpoint of the insured", we do not find it so ambiguous as to fail to exclude coverage in the instant case. See *State Farm Fire & Casualty Co. v. Muth*, 190 Neb. 248, 207 N.W.2d 364 (1973).

Finally, the North Dakota Legislature has expressly enacted into law public policy stating that an insured cannot be indemnified for losses caused by his own willful acts. Section 26–06–04, N.D.C.C., provides:

"*Willful act exonerates insurer, negligence does not.*—An insurer is not liable for a loss caused by the willful act of the insured, but he is not exonerated by the negligence of the insured or of his agents or others."

To allow recovery in the instant case for the loss caused by the willful act of Heer would be in direct contravention of the foregoing proscription.

Because we find that the homeowner's policy issued by Aid effectively excludes willful acts, as in the case at bar, because the natural and probable consequences of such an act are as intentional as is the act itself, and because North Dakota prohibits indemnification for loss caused by an insured's own willful acts, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

ERICKSTAD, C. J., and SAND, J., concur.

VOGEL, Justice, concurring specially.

I concur, but solely on the ground that there should be no reasonable expectation of coverage, or of defense, under a homeowner's policy, where the suit against the insured is based on personal injuries inflicted in an altercation in a public place far removed from the place to which the insurance applies. Aside from this, I would dissent from the majority opinion and allow recovery for reasons well stated in *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 54 Cal. Rptr. 104, 419 P.2d 168 (1966). In that case recovery was allowed under facts indistinguishable from the case before us, except that the altercation was a result of a near-collision of automobiles and the policy provisions were contained in an automobile policy, permitting a reasonable expectation of coverage.

It follows that I decline to join in any holdings or inferences: (1) that the language of the complaint is determinative of liability (since complaints may be amended before, during, or after trial and are often not truly descriptive of the actual facts

which can be determined only after investigation;[1] (2) that the duty to defend is coextensive with liability of the insurance company to pay damages (since the duty to pay damages may not be certain until after trial, while the duty to defend is a separate undertaking pre-existing trial and arises even if the complaint is false or fraudulent); or (3) that a judgment creditor cannot recover on the basis of the failure of an insurance company to defend, or pay damages assessed against, its insured, the judgment debtor.

PEDERSON, Justice (concurring specially).

I agree that Hins cannot require Aid to defend Heer but that does not mean that Hins cannot point to this clause in the insurance contract in discussing the ambiguities in the policy. I find the contract terms, including clauses on duty to defend, totally ambiguous and, if there was not already a judgment which, in effect, conclusively determines that Hins was injured by Heer's willful act, I would not have applied § 26–06–04, NDCC, but would then have used the doctrine of reasonable expectations, as that term is discussed in *Mills v. Agrichemical Aviation, Inc.,* 250 N.W.2d 663 (N.D.1977). There can be no reasonable expectations contrary to the public policy defined in § 26–06–04, NDCC. Therefore, the judgment is properly affirmed.

---

[1]. I would therefore overrule the contrary holding in *Kyllo v. Northland Chemical Co.,* 209 N.W.2d 629 (N.D.1973).