ROGER S. EMERY ET AL., APPELLEES, V. GARY MANGIAMELI ET AL., APPELLANTS.

359 N.W.2d 83

Filed December 7, 1984.   No. 83-623.

Dale D. Kuhlmann and Lloyd E. Atchley, for appellants.

Richard T. Kizer and Jeanne A. Weaver of Hotz, Kizer & Jahn, P.C., for appellees.

BOSLAUGH, WHITE, and GRANT, JJ., and McCOWN, J., Retired, and COLWELL, D.J., Retired.

BOSLAUGH, J.

This case arises out of a dispute concerning a contract for the sale of real estate. The trial court ordered specific performance and found that the plaintiffs should recover damages in the amount of $4,397.42 from the defendants. The defendants have appealed.

The record shows that the parties entered into a contract for the sale of a property known as 5106 Hamilton Street in Omaha, Nebraska, on September 22, 1982. The contract,

which was prepared on a uniform purchase agreement form, provided that the plaintiffs would purchase the property from the defendants for $50,000, of which $27,000 had been paid. The plaintiffs were to assume an existing mortgage in the amount of approximately $17,000, with the balance to be paid in cash.

The contract further provided:

> Garages to be structurally aligned upon foundation, new roofing boards, doors aligned & new roofing shingles; either all the aforementioned work satisfactorly [sic] completed or an equivalent cash amount in lieu of the materials and work (labor) to be completed - to be agreed upon before closing date.* Garage & basement windows panes to be repaired. All owners contents to removed [sic] from premises before closing.

The contract also provided: "Seller agrees to maintain, until delivery of possession, the heating, air conditioning, water heater, sewer, plumbing and electrical systems and any built-in appliances in working condition."

A controversy developed over the performance of the maintenance and repair work to be done by the defendants. On November 18, 1982, the plaintiffs commenced this action for specific performance. The petition prayed for damages in the alternative and requested an "injunction" requiring the defendants to pay into court the $27,000 paid by the plaintiffs to the defendants. The defendants did not comply with an ex parte "temporary restraining order" which directed payment of the $27,000 into court.

On January 4, 1983, the matter came on to be heard upon the plaintiffs' motion for a temporary injunction. At this hearing both parties introduced evidence concerning the contract and the dispute that had arisen.

At this hearing the trial court inquired as to whether the defendants wanted to complete the contract, with a determination of damages to be made later, or whether the defendants could refund the $27,000 paid by the plaintiffs. Although the defendants' answers were not entirely clear, it was apparent that the defendants were unable to refund the $27,000 and were willing to complete the contract if a satisfactory

determination of damages could be made. The hearing resulted in an order which stated: "Specific performance of the plaintiff's [sic] contract appears to be only equitable relief possible. So ordered and closing to take place within a reasonable time."

On January 18, 1983, the defendants filed an answer and counterclaim. The answer alleged that the plaintiffs were not entitled to specific performance and claimed the $27,000 paid by the plaintiffs as liquidated damages. The counterclaim alleged that the defendants had sustained damages in excess of the $27,000 paid by the plaintiffs and prayed for rescission of the contract. On February 2, 1983, the plaintiffs filed a reply and an answer to the counterclaim.

On January 25, 1983, the plaintiffs had filed an application for an order requiring the defendants to show cause why they should not be held in contempt for failure to comply with the order of January 4, 1983. An order to show cause was issued, and, after several continuances, the order came on for hearing on February 8, 1983. Meanwhile, a hearing on a permanent injunction was set for February 11, 1983.

At the hearing on February 11, 1983, all of the evidence received at the January 4, 1983, hearing was reoffered and received in evidence without objection. The plaintiff Roger Emery testified that he was ready to close. An employee of Pioneer Title and Abstract Company testified that the company had issued a commitment for title insurance on the property to the defendants and was willing to act as escrow agent in closing the sale.

At this hearing the trial court again inquired as to whether the defendants would be able to return the $27,000 which the plaintiffs had paid. Defendants' counsel made no direct reply as to whether the defendants could repay the $27,000 and took the position that under the contract the defendants were entitled to retain the money as liquidated damages.

This hearing resulted in an order directing in detail how the contract should be performed and appointing Pioneer Title as agent for the parties to close the sale. A hearing on the claims for damages was continued to March 8, 1983.

The hearing on the claims for damages was held on March 8,

1983, and resulted in the award of $4,397.42 to the plaintiffs. The defendants' counterclaim was dismissed.

The defendants' assignments of error all relate to their contention that they were denied due process of law, in that the trial court ordered specific performance at the hearing upon the motion for a temporary injunction before the case was at issue and without giving the defendants an adequate opportunity to present their evidence. Since this is a matter in equity, it is reviewed de novo on the record in this court.

Although no answer had been filed at the time of the January 4, 1983, hearing, it is clear from the record that the defendants continued to participate in that hearing without objection after the trial court announced "We're hearing the merits right now." When no answer has been filed in the lower court, but it appears that the cause was tried by both parties, without objection, as though an answer had been filed, this court will treat the case in the same manner. *Schuster v. Carson*, 28 Neb. 612, 44 N.W. 734 (1890).

The hearing on February 11, 1983, was held after the issues had been made up. The evidence presented at the hearing on January 4, 1983, was reoffered and received in evidence without objection. At the oral argument in this court, in response to questions from the bench, defendants' counsel was unable to suggest any additional evidence which would be offered by the defendants in the event a further hearing were to be ordered in this case.

Although the procedure which was followed in the trial court in this case was highly irregular, we are unable to discover any prejudice to the defendants. Error without prejudice is not a ground for reversal. *Regier v. Nebraska P.P. Dist.*, 189 Neb. 56, 199 N.W.2d 742 (1972). The party appealing from the judgment has the burden to show prejudicial error. *Insurance Co. of North America v. Hawkins*, 197 Neb. 126, 246 N.W.2d 878 (1976). A judgment will not be reversed by reason of any error or defect in the proceedings which does not affect the substantial rights of the adverse party. *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 261 N.W.2d 358 (1978).

In *Atlantic Richfield Co. v. F.T.C.*, 546 F.2d 646 (5th Cir. 1977), the court entered final judgment after a hearing on an

application for a preliminary injunction. The appellant argued that because the court had not ordered or given notice of a consolidation of the preliminary injunction with a hearing on the merits, it was precluded from adequately developing and presenting its case for final adjudication. The court held:

> [W]e need not find error in the district court's entry of final judgment unless [the appellant] Atlantic shows prejudice from the lack of notice. In *Eli Lilly and Company v. Generix Drug Sales, Inc.*, 460 F.2d 1096 (5 Cir. 1972), we explained: "[S]urprise alone is not a sufficient basis for appellate reversal; appellant must also show that the procedures followed resulted in prejudice, i.e., that the lack of notice caused the complaining party to withhold certain proof which would show his entitlement to relief on the merits."

*Id.* at 651. See, also, *Holly Sugar v. Goshen County Co-op. Beet Growers*, 725 F.2d 564 (10th Cir. 1984), where the court found that a consolidation was not prejudicial when the appellant admitted at oral argument that it would not have significantly changed the presentation of its evidence even if it had received more timely notice.

In *State v. Holdrege State Bank*, 110 Neb. 814, 195 N.W. 120 (1923), the parties appeared at a hearing to set aside an order. At that time there was some doubt in the minds of the counsel as to whether the orders in question had been vacated and whether the hearing was upon the merits of the claim. The trial court stated, "This proceeding will go into the merits of the proposition . . ." and the parties proceeded in that fashion. At the close of the hearing a decision was rendered. Notwithstanding that the order in question had not been vacated, but only treated by the trial court and the respective parties as if it had, it was held, "Under these circumstances, this court will disregard any technical question as to procedure and treat the matter as did the trial court and determine it upon its merits." *Id.* at 816, 195 N.W. at 120-21.

In *Insurance Co. of North America v. Hawkins, supra*, the defendants contended on appeal that they had been deprived of due process of law when the lower court entered a partial summary judgment on the issue of liability. Specifically, they

contended that the lower court had previously overruled a motion for summary judgment and that the partial summary judgment order was made without a further hearing. In light of this claim that due process was denied the defendants because of this procedural and technical error on the part of the lower court, this court reviewed the record to determine if any prejudice to the defendants appeared:

> The record, however, clearly reflects that a trial was scheduled and held. Evidence was adduced by stipulation or waiver, exhibits were introduced, arguments made by counsel and briefs submitted.

> While it was technically inaccurate to designate the order as a partial summary judgment on the issue of liability, the error, if any, was technical and procedural. The defendants had their full day in court on the issue of liability, had the opportunity to introduce all the evidence they wished to submit, and made all appropriate objections to plaintiff's evidence. The defendants fail to assert or prove any prejudice or injury caused by the procedural inadvertence, and the record wholly fails to sustain any contention of violation of due process.

197 Neb. at 129-30, 246 N.W.2d at 881.

While the proceedings below were irregular, the defendants were not deprived of due process. Upon a consideration of the entire record, and the response of defendants' counsel at argument, we conclude that the defendants received an adequate hearing on the merits of the case at the hearings on January 4, February 11, and March 8, 1983.

The judgment of the district court is affirmed.

AFFIRMED.